JOHN EMERY

*v.*

R. C. HOYT.

1. EVIDENCE—*when affirmative is entitled to greater weight than negative testimony.* In cases of insanity, where much evidence is heard on both sides, the affirmative testimony of those best acquainted with the person alleged to be insane, the testimony of experts not being in the case, should outweigh the testimony of those, who, at or about the time of the act sought to be avoided on the plea of insanity, had interviews with him, and testify they saw nothing indicating an insane mind.

2. INSANITY—*burden of proof.* Where a party is insane, except at intervals, the rule is, when insanity is alleged as a defense to a contract made by him, he who claims the performance of the contract must prove it was entered into while the party had a lucid interval.

3. The verdict of a jury in a County Court that a person charged with insanity, was sane on a particular day, is not *prima facie* evidence that the same party was sane at a subsequent or prior date.

4. Where a contract is sought to be avoided on the ground of insanity, the only inquiry is whether the party was sane when the contract was made.

5. INSTRUCTIONS—*must not direct a jury to a single fact in the case.* An instruction which seeks to direct the minds of a jury to a single fact in the case, and which has no real bearing upon the merits, and is calculated to mislead, should be refused.

6. SAME—*should not be a repetition of one already given.* An instruction should not be given which is a repetition of one already given.

7. SAME—*should be applicable to the case.* An instruction having no bearing on the rights of the parties, and no effect upon the merits of the case, should be refused.

APPEAL from the Circuit Court of Henry county; the Hon. IRA O. WILKINSON, Judge, presiding.

This was an action of assumpsit, brought by John Emery against R. C. Hoyt, conservator of Samuel Reynolds, to recover the amount of a promissory note executed by Samuel

1867.] EMERY v. HOYT. 259

Statement of the case.    Opinion of the Court.

Reynolds, for $1,000, bearing date, April 24th, 1866. The defendant filed a plea of non assumpsit.

The parties stipulated that the defendant might give in evidence, under the general issue, any fact which he could under any plea properly pleaded.

The main defense relied upon was the insanity of the maker of the note at the date of its execution.

The case was tried by a jury, and a verdict found for the defendant. A motion for a new trial being interposed and overruled, a judgment was rendered in favor of the defendant.

The case was brought to this court by appeal.

Messrs. BENNETT & VEIDER, for the appellant.

Messrs. FROST & TUNNICLIFF, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

In cases of insanity, where much evidence is heard on both sides, as in this case, the affirmative testimony of those best acquainted with the person alleged to be insane, the testimony of experts not being in the case, should outweigh the testimony of those who, at or about the time of the act sought to be avoided on the plea of insanity, had interviews with him and testify they saw nothing indicating an insane mind. The one is strong affirmative testimony, coming from a reliable quarter, while the other partakes of the nature of negative testimony, and by persons not in a position so favorable to know the truth, as those first mentioned, and therefore not so reliable. We cannot, on a careful examination of all the testimony in this record, bring our minds to the conclusion that the jury have erred in their finding, but rather that the evidence strongly preponderates in its favor. Such being the conclusion, we have no right to disturb the verdict.

We have considered the instructions given for the plaintiff below, the appellant here, and we think those numbered three, four and five, put the law of the question fairly before the jury, as did those given for the defendant.

The appellant complains that certain other instructions which he asked, were not given, and that it was error to refuse them. They are as follows:

"1. If the jury find, from the evidence, that (Samuel Reynolds being a resident of the county of Pike and State of Illinois, on the 30th day of March, 1866,) such proceedings were had in the county court in and for said Pike county, that upon an inquest then and there had before a jury of said county, to determine whether said Reynolds was sane or insane, said jury returned their verdict into said court, that the said Reynolds was sane and not insane, the jury will consider such verdict of such jury *prima facie* evidence of the sanity of said Reynolds at that time, and it will be incumbent upon the defendant to overcome such evidence by preponderance of evidence, or to satisfy the jury from the evidence, that said Reynolds became insane after the said 30th day of March, 1866, and before the 25th day of April, 1866. And if said defendant shall fail so to do by preponderance of evidence, they will find for the plaintiff."

"2. Insane persons during lucid intervals are capable of contracting, and are bound by such contracts so made during lucid intervals, and unless the defendant shall satisfy the jury by a preponderance of evidence, that said Samuel Reynolds, on the 24th day of April, 1866, and at the time on that day when the promissory note in the plaintiff's declaration mentioned was executed, was not in a lucid interval, they will hold the note mentioned, valid and binding, and will find for the plaintiff, although the jury may believe from the evidence that said Samuel Reynolds was, at times before and after that time, insane."

" 3.  If the jury find, from the evidence, that the promissory note in the declaration mentioned, was given by Samuel Reynolds as part consideration for a residence in Galva, purchased of the plaintiff for $3,500, that at the time said property was worth that sum or more, and said purchase was a 'rational act, rationally done,' from that fact alone the jury are authorized to find that said Reynolds was, at the time of the execution of said note, rational, and not insane, and find for the plaintiff."

" 4.  It is not every degree of insanity that absolves the person from liability on his contracts.  A person of unsound mind may be insane on one subject or more, and sufficiently rational on others to be bound by his acts.  And if the jury should believe, from the evidence, that although Samuel Reynolds, at the time of the execution of the note in the declaration mentioned, was in a highly excited state of mind on account of domestic troubles, and interference on the part of his wife and her friends with his rights, amounting to moral insanity on that subject, yet, that he was rational on subjects of business, the jury will consider the note valid, and find for the plaintiff."

" 5.  If the jury believe, from the evidence, that the note in the declaration mentioned, was executed, together with a contract for a deed to property in Galva, Ill., that said contract for a deed was made in duplicate and signed by the plaintiff and said Samuel Reynolds, and duly stamped; that one of said duplicate contracts was delivered to said Samuel Reynolds at the time of the execution of said note; and if the defendant has failed to show, by the evidence, that said duplicate contract for a deed has been surrendered up to plaintiff, or canceled or annulled by said Reynolds or said defendant, they will find for the plaintiff, although they find from the evidence, that at the time of the execution of said note, said Reynolds was insane.  Persons making contracts with insane persons are bound thereby, and the insane or his conservator, can alone disaffirm such contract.  The conservator cannot hold on to

the benefit of the contract, and at the same time deny its obligation."

As to the first refused instruction, if it be admitted the premise was true, the consequence would not follow as the court was desired to acknowledge. If the maker of the note was not insane on the 30th day of March, 1866, for the purposes of that inquest, it does not follow that the defendant was bound to prove he became insane after that day, for he had the right to establish, by proof, that he was insane on the 30th day of March, notwithstanding the verdict. To this inquiry in the County Court, these parties were not implicated, and it was, therefore, no such judgment as could affect them in any way. The defendant was not required to overcome this *prima facie* evidence, if it be such, or to pay any regard to it whatever. All that was required of him was, that he should maintain his side of the issue then pending—nothing more. The verdict on the inquest amounted to nothing on the pending issue. It was wholly immaterial when the alleged insanity commenced; the question was, was he insane when he made the note?

The second refused instruction was designed to shift the burden of proof, and was properly refused. The rule is, when insanity is alleged in the person making a contract, and as a defense to its performance, he who claims the performance must prove it was entered into while the party had a lucid interval.

The third refused instruction seeks to direct the jury to a single fact in the case, which, really, had no bearing upon the merits, and was calculated to mislead. What if it were true, that the price proposed to be paid for the property for which the note was given was a fair price, would a jury, from such an isolated fact, be justified in inferring the party was sane?

The fourth refused instruction was given by the court substantially, and in more appropriate phrase, in the fifth instruction given for the plaintiff, as follows:

" It is not every kind or degree of insanity that will relieve a party from the effect or consequences of his acts, but the insanity must either be general, or if special, have relation to the act from which the party seeks to be relieved; and in case the jury believe, from the evidence, that the insanity of Samuel Reynolds, if existing at all, was on account of and confined to domestic troubles, and the real or supposed interference of his wife and friends, and that on the subject of business and property, and of his own condition, relations and necessities in respect thereof, he was of sound mind, then the jury will hold the contract valid, and will find for the plaintiff."

The instruction refused was but a repetition of this one given, and it was no error to refuse to repeat it, as this court have often said.

The fifth instruction had no bearing on the rights of the parties, and no effect upon the merits. It was of no importance, whether the contract was surrendered or not. It was an executory contract, to any further recovery on which, the judgments in the pending action would be a perpetual bar.

Perceiving no error in this record, the judgment must be affirmed.

*Judgment affirmed.*