In the matter of the Probate of the Will of Ovid Pinney.

October 9, 1880.

**Effect of Verdict on Appeal from Probate Court.**—A verdict upon an issue in probate proceedings, on appeal to the district court, is as binding as in any other action, and is subject to the same rules as to setting it aside for insufficiency of evidence; following the decision in *Marvin* v. *Dutcher*, 26 Minn. 391.

**Error in Question cured by Answer.**—The admission of an improper question to a witness, the answer to which is not responsive to the question, so far as it is improper, and which answer is proper evidence, is no ground for a new trial.

**Evidence as to Testator's Mental Capacity — Opinions.**—On an issue as to mental capacity, a witness, not an expert, cannot give an opinion generally as to such capacity, but must state facts within his knowledge, and his opinion must be based on such facts.

**Same — Testator's Business Acts, Declarations, etc.**—On such an issue the contents of an instrument executed by the party, if he did not read or hear it read, are immaterial. On such an issue the business acts of the person in question, and his declarations, oral or written, tending to show his comprehension or non-comprehension of daily occurrences in his business, or relating to his business, contracts executed by him or entries in his diary, all at or about the time in question, are admissible.

**Same—Opinions as to Capacity.**—On an issue of mental capacity to make a will, a question calling on a witness to state his opinion as to testator's capacity to make an intelligent disposition of his property *by will*, is not improper as calling for an opinion on testator's capacity to make a valid will.

**Same—Proof of Capacity Subsequent to Date of Will.**—On such an issue, where the only mental incapacity claimed was by gradual decay of the faculties from great age, it is proper to show, in order to prove sufficient capacity, that after the time in question, and without regard to how long after, the person had sufficient capacity.

**Same—Proceedings on Application for Guardian.**—On such an issue the record of the probate court, upon an application to appoint a guardian for the person in question, is not admissible.

**Evidence—Testimony before Grand-Jury.**—The only cases in which the testimony of a witness before the grand-jury may be disclosed, are those mentioned in Gen. St. 1878, c. 107, § 41.

**Costs—Copy of Reporter's Notes.**—The expense of procuring a copy of the reporter's notes of the trial, though not properly taxable in the costs in this court, may be taxed in the district court to the party succeeding in his motion for a new trial.

Appeal by the proponents of the will (the executors named therein) from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial.

*Benton & Benton* and *J. Guilford,* for appellants.

*Shaw & Levi* and *Lochren, McNair & Gilfillan,* for respondents.

GILFILLAN, C. J. Ovid Pinney, over eighty years of age, made his will March 22, 1872, and died November 4, 1878. The will was presented for probate in the probate court of Hennepin county, and was contested on the ground of the mental incapacity of Pinney, and of undue influence exercised by certain persons named. It was, however, allowed and admitted to probate by the probate court. From the decree allowing it, the contestants appealed to the district court. In that court, issues upon the mental capacity of the testator, and the undue influence alleged, were framed and tried by a jury, who found that the testator was not at the time of executing the will of sound mind, and also found against the allegation of undue influence. From an order denying a new trial this appeal is brought. It was decided in *Marvin* v. *Dutcher,* 26 Minn. 391, that a verdict upon an issue in probate proceedings, on appeal to the district court, is as binding as in any action, and is subject to the same rules as to setting it aside for insufficiency of evidence. The rule is applicable to this case. Under those rules we see no reason to question the finding in this case.

Contestants introduced James J. Green as a witness, who testified to business relations and transactions with deceased sufficient to qualify him to express an opinion as to his mental capacity, within the rule that a witness not an expert must first disclose the facts upon which his opinion is based, before he can be allowed to express an opinion on mental capacity, and then can be allowed to state only his opinion formed from those facts. The question calling for the witness' opinion is criticised, because it called on him to state

his opinion of the testator's ability to do *important* business; and it is claimed that if the testator had capacity to transact ordinary business he might make a valid will, and that the question ought to have been as to ability to do ordinary rather than important business. Whether this is so or not it is unnecessary to decide, for the answer was not in this respect responsive to the question. The answer was that the testator was incompetent to transact business to any extent.

The questions put to the proponent's witnesses, Baker, Armstrong and Baldwin, were properly excluded, because they called for the opinions of the witnesses (who were not experts) generally, and not for opinions based on facts within their knowledge and disclosed by them. The bond in the case of *State* v. *Green*, executed by the testator, was properly excluded, because it does not appear that he read it, or heard it read, and the only evidence as to that point is to the effect that he neither read it nor heard it read. The contents of the bond, therefore, would be no evidence of his capacity to comprehend or transact business.

We do not think the questions put to the contestants' witnesses, Farnham and McIntosh, objectionable. They do not call for the witnesses' opinion of the testator's capacity to make a valid will, but of his capacity to comprehend his property and make an intelligent disposition of it by will. They called for no more than an opinion of his capacity to understand any disposition he might in a will make of his property. Certainly, if he could not understand that, he was not competent to make a will.

Exhibit 2, being the lease or agreement between testator and the Shoemakers, and the supplement thereto; Exhibits 20, 21, and 23, being extracts from the diary of the testator; and Exhibits 26, 27, and 28, being two mortgages and a contract executed by Broad to testator, were all proper items of evidence on the question of his mental capacity, and should have been admitted. It must be clear that, upon the

issue as to the testator's capacity to do business, evidence of his business acts at or about the time in question, and of his declarations, oral or written, tending to show his comprehension or non-comprehension of daily occurrences in his business, or relating to his business, would more satisfactorily show the condition and quality of his mental faculties than the opinions of witnesses. If it were possible, in the trial of such an issue, to lay before the jury the man's every act and thought, within a proper time before and after the time in question, there would be little if any propriety in admitting opinions as to his capacity, for the jury could then judge of it as well as the witness.

In this case there was no claim of insanity, or of any incapacity except weakness and imbecility from the gradual decay of his mental faculties from great age. Such decay, when it begins, is progressive and permanent; and if at one time it has reached such a stage that the man has become incapable of doing business, it would be contrary to all experience that he should recover. So, if in such case it is shown that at any time subsequent to that in question the man's faculties are so far unimpaired that he is capable of transacting business, it is evidence that they were so unimpaired at the time in question. We think, therefore, that the evidence offered that the testator, after the execution of the will, and without regard to how long after, had sufficient capacity, was admissible, and should have been received. Evidence of incapacity offered by the contestants would, in the first instance, have to be confined to a reasonable time after that in question, and would not be admissible as of a late time, except in rebuttal to the proponent's evidence of capacity at such time.

Evidence of what testator testified to before the grand jury was properly excluded. The only cases in which the testimony of a witness may be disclosed are those specified in Gen. St. 1878, c. 107, § 41. The record of the probate court,

·on the application to appoint a guardian for testator, was incompetent, and was properly excluded.

Order reversed, and new trial ordered.

------

On appeal by appellants from the taxation of costs in this court, the following opinion was filed, October 28, 1880.

*By the Court.*    The clerk's disallowance of the item for copy ·of reporter's minutes in appellants' bill of costs and disbursements is affirmed, not on the ground that the appellants are not entitled to the item, but that it is not a disbursement incurred in this court, nor in perfecting or preparing the appeal. If necessarily incurred, it should be allowed to appellants as the prevailing party in the motion for a new trial, upon the final taxation of costs in the court below.