Stephen E. Woodcock and others *vs.* Asa E. Johnson and others, impleaded, etc.

December 18, 1886.

**Execution of Deed—Evidence as to Mental Capacity.**—Where the issue is as to mental capacity to execute a deed, evidence of the party's business acts at or about the time of making the deed, and of his declarations, oral or written, tending to show his comprehension or non-comprehension of daily occurrences in his business, is proper.

**Same—Opinion of Non-Expert.**—On such issue, a witness, though not an expert, who has testified to the party's acts and declarations, may be asked his opinion, based on those facts, of the mental capacity of the party.

**Same — Grantor's Signature written by Another — Evidence of Authority.**—The name of a grantor in a deed having been subscribed by another person, and the issue being, did the grantor direct such person to subscribe his name? and the evidence on the point being in direct conflict, it is proper to show that, within a short time before, the grantor directed the deed to be prepared and intended to execute it.

Plaintiffs, five of the six children and heirs-at-law of William E. Woodcock, (who died April 18, 1882,) brought this action in the district court for Hennepin county, to set aside an instrument, bearing date April 6, 1882, and purporting to be a conveyance by their father of certain lands to their brother, Herbert C. Woodcock, from whom, by sundry conveyances, the title thus acquired passed to the widow of Wm. E., and from her to the defendant Asa E. Johnson and his grantees, who are made defendants. The plaintiffs alleged that on April 18, 1882, Wm. E. Woodcock was and had long been very sick, and was insane and incapable of transacting any business, and that on that day his wife and the defendant Johnson and others fraudulently prepared and took to his house the instrument in question, and pretended to have it executed, acknowledged, and delivered; but that Wm. E. never signed or acknowledged it, nor did any one with his consent, nor did the grantee named in it know of or consent to its execution. Defendant Johnson and his grantees alone answered the complaint.

The action was tried by *Young, J.,* certain specific issues being

framed and submitted to a jury. Upon these issues the jury found
that the name of Wm. E. Woodcock was subscribed to the instrument
by Stephen E. Woodcock, without any request or direction from
Wm. E.; that it was not executed on the day of its date (April 6th)
but on April 17th or 18th; and that at the date of execution Wm.
E. had not sufficient mental capacity to make it or understand its
effect. These findings were also made by the court, and the further
finding that the defendant Johnson bought in good faith and without
notice, and paid a valuable consideration, and afterwards made val-
uable improvements on the property.

As conclusions of law the court held that the statutory one-third
interest of the widow of Wm. E., and the one-sixth interest of Her-
bert E. (as one of the six children and heirs) in the other two-
thirds, passed by their deeds to defendant Johnson, but that plain-
tiffs were entitled to judgment, adjudging them to be the owners in
fee of five-ninths of the property. A motion for a new trial was de-
nied, and the defendant Johnson and his grantees appealed. The
rulings excepted to at the trial appear in the opinion.

*Smith & Reed*, for appellants.

*Hooker & Nunn* and *M. O. Little*, for respondents.

GILFILLAN, C. J. The fact is not disputed that the name of Will-
iam E. Woodcock to the deed in question was written by Stephen E.
Woodcock. The issues in the case were: Was his name so written
at his request or by his direction? and had he at the time mental
capacity to make the deed, and understand its effect? He had been
very sick for some weeks prior to the making of the deed, and the plain-
tiffs claim that one effect of this sickness was to impair his mental
faculties to such a degree as to render him incapable of understand-
ing and transacting business at the time the deed was made. Upon
the issue of mental capacity it was proper to prove his business acts
at or about the time of making the deed, and his declarations, oral
or written, tending to show his comprehension or non-comprehension
of daily occurrences in his business, or relating to his business. *Pin-
ney's Will*, 27 Minn. 280, (6 N. W. Rep. 791, and 7 N. W. Rep. 144.)
And, also, when a witness, though not an expert, had testified to such
acts and declarations, showing an opportunity to form an opinion, it

is proper to ask him his opinion, based on those facts, of the mental capacity. Id.

Within these rules, the question to Frank W. Woodcock (second assignment of error) as to the capacity of William E. to transact business during the two weeks before the time in question, the witness having shown a knowledge of and testified to facts bearing on the question of his mental capacity, was proper. But, after the court below had allowed this question on the part of plaintiffs, we cannot understand why it excluded substantially similar questions asked by defendants of the witnesses Cummings and Albert A. Cobb, (seventh and ninth assignments of error.) The questions of both plaintiffs and defendants were not exactly in proper form, as they ought to have required the witnesses, they not being experts, to testify as to the capacity from the facts related by them. But the objections were not put on that ground. Had they been, a slight change in the form of the questions would have obviated them.

It was proper, within the rule we have stated, to prove what was said by William E. Woodcock, and what directions he gave the witness Cummings in reference to the disposition of his property on April 6th. The court had allowed plaintiffs to give evidence of his capacity to do business during the two weeks before the deed was executed. The sixth of April was within the two weeks.

That evidence was also proper on the issue, was the name of William E. signed to the deed at his request, or by his direction? The testimony of the witnesses as to the fact was in direct conflict. That being the case, evidence that he had previously directed the deed to be prepared precisely as it was executed, and with intent to execute it, would add probability to the testimony of those witnesses who testified that he directed his name to be signed to the deed; for the lapse of time between the directions to prepare the deed and the signing of it, being, under the circumstances, not unreasonable, the latter might naturally be expected to follow upon the former. Upon this point the case is in principle closely analogous to *Kumler* v. *Ferguson,* 7 Minn. 351, (442;) *Schwerin* v. *De Graff*, 21 Minn. 354; *Miller* v. *Lamb*, 22 Minn. 43; *Roles* v. *Mintzer*, 27 Minn. 31, (6 N. W. Rep. 378.)

It was error in the court to exclude the evidence offered of what was said on April 6th by William E. to Cummings in reference to disposing of his property.

For these reasons there must be a new trial.

Order reversed.