ALEXANDER McKILLOP *vs.* DULUTH STREET RAILWAY CO.

Argued June 9, 1893.   Reversed June 21, 1893.

**Opinion as to Intoxication Admissible.**

One who has witnessed a person's acts, appearance, and speech, may express an opinion whether he was intoxicated.

**Negligence in Locating Track of Street Railway.**

If a street-railway company, without any direction from the municipal council, lays its track in accordance with a grade established for a paving of the street, contemplated, but not yet done, and so laying the track renders the street, until paved, unsafe, it is an act of negligence on the part of the company.

Appeal by defendant, the Duluth Street Railway Company, from an order of the District Court of St. Louis County, *J. D. Ensign*, J., made December 10, 1892, denying its motion for a new trial.

The plaintiff, Alexander McKillop, brought this action to recover damages for the loss of his left foot on February 4, 1892, under the wheels of one of defendant's electric railway cars, while he was lying after dark on the track.   He was at work for the Scott & Holston Lumber Company driving a team and sleigh delivering lumber and mill stuff to its customers.   He drove to West Duluth and delivered a load, and claimed that on his return, about seven o'clock in the evening, his team ran away, and the toe of his sled caught against the track of defendant's road, and he was thrown out and rendered sick and dizzy, and in that condition attempted to cross the railway tracks to take a car home; that these tracks were negligently constructed several inches above the then existing surface of the street, and he fell over them and became unconscious, and while lying in that condition was negligently run over, and so injured that his left foot had to be amputated just below the knee.   He claimed the motorman should have seen him and stopped the car in time to avoid injuring him.

On the trial defendant introduced evidence tending to show that the plaintiff was intoxicated at the time of the injury, and fell from his sleigh and got onto the track because of that condition.   Henry Cody, a witness for defendant, testified that he saw the plaintiff lying in the road just before he was injured.   He went to him and

picked him up, and offered to take him home, but plaintiff declined, saying he must go and catch his team. He leaned on the witness unsteadily, and staggered as he started off. Witness said he had an opinion whether plaintiff was drunk or not. He was then asked, "What is your opinion upon that subject?" This was objected to as incompetent, irrelevant and immaterial. The Judge sustained the objection. To this ruling the defendant excepted, and offered to show that from the conduct, motion and speech of the plaintiff at the time, the witness thought, and still thinks, that plaintiff was drunk. To this evidence plaintiff objected. The Judge excluded it, and defendant excepted to the ruling.

The defendant then offered to show that its tracks were laid upon a grade established by stakes driven by the city engineer, acting on behalf of the city; that, when the tracks were laid, a contract had been awarded by the city for paving the street on a grade conforming to the rails as laid, and should have been completed in 1891, but was delayed by controversies as to the issuing and sale of city bonds to pay for the work. The plaintiff objected to the evidence, and it was excluded, and defendant excepted to the ruling. This was defendant's fourth assignment of error mentioned in the opinion.

The plaintiff's witness Labby stated that he was conductor on the car following the one that ran onto the plaintiff; that, after the accident, he went to the end of his car for the purpose of ascertaining how far he could plainly discern any object ahead upon the track. He was then asked to state how far he could see plainly any object upon the track there. To this question defendant objected as irrelevant and misleading. The objection was overruled and defendant excepted, and the witness said two hundred feet.

The defendant duly excepted to that part of the charge to the jury specified in the ninth assignment of error. It was as follows: "In this connection it is a fact for you to consider, whether the agent or the motorman of the defendant had knowledge that there was at that time, on the street or on its line of railway, a man who was laboring under some disability, either drunkenness or illness, who was to be watched for, and that care was to be taken to avoid injuring him if found upon the track; and if the defendant or such agent had reasons to apprehend that such a man might be found

upon said tracks, it was his duty to use such care and diligence as would be necessary to secure the safety of such man."

Plaintiff had a verdict for $2,000. The defendant moved the court to grant a new trial for errors in law occurring at the trial, and excepted to, by defendant. The motion was denied, and it appeals.

*Billson & Congdon*, for appellant.

There were two substantive facts in controversy: First, whether it was through plaintiff's own negligence, and on account of drunkenness, that he came to be lying upon the railway tracks. Secondly, whether defendant's motorman was guilty of negligence in not seeing the plaintiff sooner, or in not stopping his car more quickly.

It was error for the court to refuse to permit witnesses who saw the plaintiff shortly before the accident, to testify whether in their opinion he was drunk. The authorities are believed to be uniform that upon a question of intoxication, the opinions of nonexpert observers are admissible. *Commonwealth* v. *Dowdican*, 114 Mass. 257; *People* v. *Eastwood*, 14 N. Y. 562; *State* v. *Huxford*, 47 Iowa, 16; *Castner* v. *Sliker*, 33 N. J. Law, 96; *Alcock* v. *Royal Exchange Assurance Co.*, 13 Q. B. 292; *Dimick* v. *Downs*, 82 Ill. 570; *Stacy* v. *Portland Pub. Co.*, 68 Me. 279; *Choice* v. *State*, 31 Ga. 424; *Pierce* v. *State*, 53 Ga. 365; *City of Aurora* v. *Hillman*, 90 Ill. 61; *State* v. *Pike*, 49 N. H. 407; *McCarty* v. *Wells*, 51 Hun, 171; Lawson, Opinion Ev. 466; Roger, Expert Testimony, 5.

Such testimony is admissible upon grounds of necessity. The acts and utterances of a drunken person fall within that large and varied class of phenomena in which the facts observed by the witnesses are of such a character that it is simply impossible that they should be stated in detail to the jury in such a manner that they shall produce the same impression on the minds of the jurymen that they have legitimately produced upon the minds of the witnesses. *Sydleman* v. *Beckwith*, 43 Conn. 9. This is the ground upon which the physical or mental condition or appearance of a person or his manner, habit or conduct may be proved by the opinions of ordinary witnesses founded on observation. This is true upon a question of joy, grief, hope or despondency, *Tobin* v. *Shaw*, 45 Me. 331; friendliness or hostility, *Blake* v. *People*, 73 N. Y. 586; fright, whether

of man or of beast, *Brownell* v. *People*, 38 Mich. 732; *Darling* v. *Westmoreland*, 52 N. H. 401; jest or earnest, *Ray* v. *State*, 50 Ala. 104; offensive or insulting manner, (in proof of malice,) *Raisler* v. *Springer*, 38 Ala. 703; intemperance and incompetence, *Gahagan* v. *Boston & L. R. Co.*, 1 Allen, 187; intemperate habits, *Smith* v. *State*, 55 Ala. 1. The general principle embodied in all these cases has been repeatedly recognized by this court. Upon this ground it is here held that nonexpert observers may give their opinion, whether a given person is sick or well, *Woodcock* v. *Johnson*, 36 Minn. 217; sane or insane, *Cannady* v. *Lynch*, 27 Minn. 435.

The court should have submitted to the jury the question whether it was negligence in the defendant company to construct its tracks above the street surface at the point where plaintiff claimed to have been thrown from his sled, and, as bearing upon that question, should have admitted evidence of the peculiar circumstances under which the tracks were laid.

It was error to allow the witness Labby to state the result of his alleged experiment.

The court erred in giving to the jury the charge specified in the ninth assignment of error. The substance of it is, that if the motorman had received information from which he had reason to apprehend that a disabled man might be found upon the tracks, it was his duty to use such care and diligence as would be necessary to secure the safety of such man. This charge makes the company the insurer of the safety of such a man under such circumstances. It breaks down all the recognized standards of reasonable care, and substitutes a positive obligation on the part of the company to use whatever care may prove to be necessary to insure the safety of the drunken man. The jury were thus charged, that although the motorman may have used not only such care as a reasonable person would employ under similar circumstances, but the utmost care which the most cautious person would be likely to employ in the face of the most serious danger, the company were, nevertheless, liable if the care exercised by the motorman, proved, in the sequel, to be insufficient to secure the safety of the man. No proposition with reference to the law of negligence could be more transparently unsound and unjust.

*Edson & Edson,* for respondent.

The court did not err in excluding the opinion of the witness Cody, as to whether from plaintiff's speech, motion and conduct he was or was not drunk. The defendant was seeking to establish contributory negligence upon plaintiff's part, and based it solely upon the claim that plaintiff was intoxicated. The question of intoxication, as bearing upon plaintiff's negligence, was the sole issue presented by defendant, and, for the purpose of sustaining that claim, it had its witness delineate the speech, conduct and motion of plaintiff, and then sought to add the opinion he formed at the time. This would be assuming to determine by the witness' opinion the very question the jury were to pass upon. The witness was not an expert, nor was he shown to have had any previous knowledge of the manner plaintiff would exhibit if intoxicated. He had never before seen plaintiff under the influence of liquor. *Wilson* v. *Reedy,* 33 Minn. 503; *Tierney* v. *Minneapolis & St. L. Ry. Co.,* 33 Minn. 311.

The extent of the rule in cases of alleged insanity seems to be that the nonprofessional witnesses, after delineating certain acts, may state whether from those particular acts he appeared rational or irrational. In *Paine* v. *Aldrich,* 133 N. Y. 544, the court say the tendency is to limit, rather than enlarge, the rule, because, even in its present form, it is conclusion or opinion as to an issuable fact.

In *Sowers* v. *Dukes,* 8 Minn. 23, (Gil. 6,) this court held the opinions of witnesses are not competent except where the question is one of science or skill, or has reference to some subject upon which the jury are supposed not to have the same degree of knowledge with the witness; whether a fence is sufficient to turn stock is not such a question.

It was negligence on the part of the defendant to construct its tracks above the surface of the street in such a manner as to render the public highway dangerous for public use. *Johnson* v. *St. Paul & D. R. Co.,* 31 Minn. 283.

The testimony of the engineer, offered by defendant for the purpose of explaining why its tracks were constructed above the surface of the street, was properly excluded. It did not appear that this engineer had any authority to establish the grade of the street, or that a grade had ever been established.

The court did not err in allowing the witness Labby to state the result of his alleged experiment.    He was the conductor upon the first car which followed that which ran over the plaintiff, and his car arrived at the scene of the accident before the car which inflicted the injury resumed its journey.    His observation was made as soon as the car in his front had gone on.

The court did not err in charging as stated in the ninth assignment of error.    This is only a portion of the court's charge.    From it, and the balance of what the court said upon the subject, there was no error.

GILFILLAN, C. J.    The court below erred in excluding the opinions of the witnesses that plaintiff was intoxicated.    It was hardly a question for expert testimony, so that—the facts and circumstances, his acts, appearance, and speech, being detailed by other witnesses—a witness might be called to state whether, in his opinion, they indicated intoxication, for the matter being one of observation, and not of science or skill, the jury can judge, from the details given, as well as any one, to whom they might be stated.    But there are certain conditions, mental or physical, or both together, the indications of which it is impossible for any witness to adequately describe, so that the relation of them shall have on the mind of the jury the same effect that witnessing them legitimately had on the mind of the spectator.    In such cases, from necessity, so that the matter may be fully laid before the jury, the spectator may state the effects the acts, appearance, and speech had on his mind; that is, may give his opinion as to the condition they indicated.    It is so in respect to joy, grief, hope, or despondency, (*Tobin* v. *Shaw*, 45 Me. 331;) friendliness or hostility, (*Blake* v. *People*, 73 N. Y. 586;) fright, (*Brownell* v. *People*, 38. Mich. 732; *Darling* v. *Westmoreland*, 52 N. H. 401;) jest or earnest, (*Ray* v. *State*, 50 Ala. 104;) offensive or insulting manner, (*Raisler* v. *Springer*, 38 Ala. 703.)    So that a person appears to be well or ill, or acts sanely or otherwise.    *Cannady* v. *Lynch*, 27 Minn. 435, (8 N. W. Rep. 164.)    So a witness not an expert, who testifies to acts and declarations showing an opportunity to form an opinion, may give his opinion, based on such facts, or mental capacity.    *Woodcock* v. *Johnson*, 36 Minn. 217, (30 N. W. Rep. 894.)

That another cause of plaintiff's demeanor was suggested by the evidence made no difference with the propriety of allowing the witnesses to give their opinions as to his intoxication. It was for the jury to determine what caused such demeanor,—an injury or intoxication; and it was necessary, in order to do so, that they have all the evidence before them.

If intoxication was the cause of plaintiff's falling, and lying in a helpless condition, on defendant's track, it was contributory negligence on his part.

The defendant's offer specified in the fourth assignment of error was rightly excluded. A municipal corporation has, through its council, control and charge of the streets, and may regulate the laying of street-railway tracks upon them; and if the council directs the railway company to lay the tracks upon a specified level or grade, and so laying them makes the street unsafe for ordinary travel, the municipal corporation would doubtless be liable for injuries resulting therefrom. But it could hardly be said that so laying them would be an act of negligence on the part of the railway company. The offer did not propose to show any such direction, or even authority, from the council, but only that, the village engineer having indicated by stakes a grade for paving the street contemplated and contracted for, the railway company, in anticipation of such intended paving, laid its tracks in accordance with the grade thus indicated. That the street was, some time in the future, to be brought to that grade, was no authority to the company to at once lay the tracks according to it, if so doing would render the street unsafe, and thus rendering it unsafe would be negligence with respect to any one injured in consequence.

The evidence of the witness Labby, objected to, was proper.

As there must be a new trial, for the error first above specified, it is unnecessary to consider the assignments of error based upon the charge of the court, further than to say that in the part of the charge specified in the ninth assignment the rule of care required of defendant, under the circumstances, might be understood by the jury more strongly than, we suspect, the trial court intended.

Order reversed.

(Opinion published 55 N. W. Rep. 739.)