# LELAH McALLISTER and Others v. ARTHUR H. ROWLAND.[1]

December 12, 1913.

Nos. 18,323—(127).

**Will — evidence of incapacity.**

1. Where the issue is the mental capacity of a testator at the time of making a will, evidence of incapacity within a reasonable time before and after is relevant and admissible.

**Incompetent person — evidence of mental condition.**

2. A judgment in proceedings for the appointment of a guardian of an incompetent person is admissible in evidence, but not conclusive, in any litigation, to prove the mental condition of the person at the time the judgment is rendered, or at any past time during which the judgment finds the person incompetent.

**Same.**

3. When such a judgment is rendered in proceedings instituted after the will is made, and does not find the testator incompetent at such prior time, it is competent evidence, and whether it should be admitted depends upon its probative value as tending to prove the fact at issue. It stands on the same basis as would other evidence of the mental condition of the testator at a subsequent time. Whether it has probative value, or is too remote, is largely for the trial court to determine. In this case, the decision of the trial court that the exclusion of such judgment was prejudicial error is sustained.

**Same — appointment of guardian.**

4. That the application was not to have the testatrix declared insane, but only to have a guardian appointed because of the impairment of her mental faculties by reason of old age, and her consequent inability to manage her affairs, did not render the adjudication inadmissible.

**Same — evidence.**

5. The petition for such an adjudication is not admissible on the ground that it was made by one of the devisees, and therefore an admission against interest, when there are others financially interested in sustaining the will.

[1] Reported in 144 N. W. 412.

Note.—The authorities on the general question as to what constitutes testamentary capacity are collated in an extensive note in 27 L.R.A.(N.S.) 2.

Arthur H. Rowland petitioned the probate court for Lyon county for the allowance of the last will and testament of Margaret Bullard, deceased. Lelah McAllister, Beth Bullard, Zoe Bullard and Alma Bullard filed objections to the allowance of the will. From the order of the probate court admitting the will to probate, they appealed to the district court for that county. The appeal was heard before Olsen, J., and a jury which answered in the affirmative the question whether the testator was of sound and disposing mind at the time of making the will and in the negative the question whether the will was the result of undue influence exercised upon the testator by her sister, Mrs. Thomas, or by Mrs. Cardwell or by either of them. From the order granting contestants' motion for a new trial, Arthur H. Rowland appealed. Affirmed.

*Fremont S. Brown, Knox & Faber* and *Charles M. Start,* for appellants.

*Albert R. Allen* and *O'Brien, Young & Stone,* for respondent.

BUNN, J.

April 12, 1912, Margaret Bullard, then a widow 76 years of age, made her will. She died June 9, 1912. On June 24 the will was filed for probate in Lyon county. Four granddaughters of the testatrix, the respondents here, contested the will on the ground that the testatrix was of unsound mind at the time the will was made, and on the ground of undue influence. The probate court admitted the will, and the contestants appealed to the district court of Lyon county. The issues were there tried and submitted to a jury, which, in answer to special questions, found that the testatrix was of sound and disposing mind at the time she made the will, and that there was no undue influence. The contestants made a motion for a new trial on the ground that the verdict was not justified by the evidence, and on the further ground that the court erred in excluding certain evidence. The trial court granted the motion, upon the ground, as expressly stated in its order, of "error occurring at the trial, as mentioned in the attached memorandum, and not on acount of any insufficiency of the evidence to sustain the verdict." The executor appealed from this order.

The only question on this appeal is whether the trial court erred in excluding the evidence hereinafter referred to. By the will, after bequests of $50 each to her four granddaughters, $100 each to two nephews, and $200 to another nephew, the testatrix devised and bequeathed all the residue of her property to her brother, Richard Rowland, of Tracy, Minnesota, and to her sister, Elizabeth Thomas, of Chicago, Illinois, share and share alike. The value of the estate was stated to be $7,000.

On the trial contestants called Richard Rowland for cross-examination under the statute. Testatrix, who at the time of making the will, resided in Fairmont, on that day or the following went to live with her brother, Richard Rowland, in Tracy, where she continued to live until her death. The contestants offered to prove by the witness that on May 16, 1912, he made an application to the probate court of Lyon county for the appointment of a guardian of testatrix, and offered in evidence the petition. They also offered to show that in pursuance of the petition a guardian was appointed. These offers were objected to, and the evidence was excluded. The petition was signed and sworn to by Richard Rowland, the witness, and stated that Margaret Bullard "is very deaf, and is almost totally blind, and her mental faculties and ability to attend to or manage her own affairs are greatly impaired, and that by reason of the said facts she is incompetent to have the charge and management of her property or business affairs." This petition was filed May 22, 1912. It does not appear when the order appointing the guardian was made, or what was its language, but we may presume that it was made before the death of Mrs. Bullard, and that it was based on the grounds alleged in the petition. The offers were objected to, and the evidence excluded. On the motion for a new trial the court concluded that the record of the proceedings for the appointment of a guardian and the adjudication making such appointment should have been received in evidence, as throwing light upon the mental condition of the testatrix at the time the will was made. Whether or not the court was correct in this conclusion is the main question on this appeal.

The will was executed April 12, 1912. The petition for the appointment of a guardian was made by Richard Rowland on May 16,

1912, and filed May 22. The order appointing the guardian was made between this date and June 9. The petition could only be admissible on the ground that it was an admission against interest on the part of Richard Rowland, one of several beneficiaries under the will. The order or judgment, granting it to be an adjudication that Mrs. Bullard was incompetent at the time the court entered such order, spoke as of that date, or as of the time the petition was made. It clearly was not an adjudication that Mrs. Bullard was mentally incompetent at the time the will was made. Was it admissible as some evidence of her mental state on April 12?

1. It is well settled that when the issue is the mental capacity of a testator or grantor at the time of making a will or deed, evidence of incapacity within a reasonable time before and after is relevant and admissible. In re Pinney's Will, 27 Minn. 280, 6 N. W. 791, 7 N. W. 144. Mr. Wigmore says: "Courts are today universally agreed that both prior and subsequent mental condition, within some limits, are receivable for consideration; stress being always properly laid on the truth that these conditions are merely evidential towards ascertaining the mental condition at the precise time of the act in issue. There seems to be no agreed definition of the limit of time within which such prior or subsequent condition is to be considered; and in the nature of things no definition is possible. The circumstances of each case must furnish the varying criterion, and the determination of the trial judge ought to be allowed to control." 1 Wigmore, Evidence, § 233, and cases quoted in text and cited in note.

2. It is equally well settled that a judgment or order in proceedings for the appointment of a guardian of an incompetent person and taking from such person the management of his property, is admissible in evidence in any litigation whatever, but not conclusive, to prove the person's mental condition at the time the order or judgment is made or at any time during which the judgment finds the person incompetent. 3 Wigmore, Evidence, § 1671, and cases cited. Field v. Lucas, 21 Ga. 447, 68 Am. Dec. 465; Den v. Clark, 5 Halst. 217, 18 Am. Dec. 282; Davis v. Calvert, 5 Gill & J. (Md.) 269, 25 Am. Dec. 282; Yauger v. Skinner, 14 N. J. Eq. 389; Hill v. Day,

34 N. J. Eq. 150; Van Deusen v. Street, 51 N. Y. 378; Willis v. Willis, 12 Pa. St. 159; Hutchinson v. Sandt, 4 Rawle, 233, 26 Am. Dec. 127; Rippy v. Gant, 39 N. C. 443.

A finding of incompetency in guardianship proceedings, or in proceedings upon a writ of *de lunatico inquirendo,* for which the guardianship proceedings are the modern equivalent, is admissible as evidence of the mental condition of the person at the time covered by such finding, notwithstanding that the parties to the litigation are different, and notwithstanding the hearsay rule.

3. Whether the person's mental condition at the time covered by the finding is evidence of his mental condition at a prior time would seem logically to be a question of the probative force or weight of the evidence, or its tendency to prove the fact in issue. It is difficult to see why the evidence should stand on any different footing than does the oral evidence of witnesses to prove the mental condition of the testator at a time after the will is made, and, as we have stated, the rule is uniform that such evidence may be received. There are, however, a number of cases that hold the finding of incompetency in the subsequent proceedings inadmissible. In re Pinney's Will, 27 Minn. 280, 6 N. W. 791, 7 N. W. 144; Sprinkle v. Wellborn, 140 N. C. 163, 52 S. E. 666, 3 L.R.A.(N.S.) 174, 111 Am. St. 827; Hovey v. Chase, 52 Me. 304, 83 Am. Dec. 514; Rippy v. Gant, 39 N. C. 443; Jackson v. King, Cowen (N. Y.) 207, 15 Am. Dec. 354; Emery v. Hoyt, 46 Ill. 258; Shirley v. Taylor, 44 Ky. 99, 102; Succession of Hébert, 33 La. Ann. 1099; Rhoades v. Fuller, 139 Mo. 179, 40 S. W. 760. In none of these cases is the decision of the particular question fortified by either sound reasoning or authority. In some, the time was so long after the will or deed was executed that the exclusion is justified on the ground of remoteness. In others, the argument is the hearsay rule, and that the parties to the litigation are different; an argument that applies with no greater force than when the time under inquiry is covered by the finding. But in most of the cases, the evidence is excluded with the bare statement that it is incompetent, or that it proves nothing.

In the Pinney case, Chief Justice Gilfillan, after announcing that

evidence offered to show that the testator, after the execution of the will, and without regard to how long after, had sufficient capacity, was admissible, sustained. the exclusion of the record of the probate court on an application six years after the will was executed to appoint a guardian. This record showed that the probate court found Pinney then competent. The decision is in point, but we are convinced that for once a characteristically curt statement of the law made by the great Chief Justice did not have reason and authority to back it.

In Knox v. Haug, 48 Minn. 58, 50 N. W. 934, it was held that proceedings under G. S. 1878, p. 455, c. 35, § 21, to commit a person to the hospital for insane, are not evidence of his mental incapacity to make contracts. The distinction is made between such proceedings, and the common-law writ *de lunatico inquirendo,* which is stated to be not materially different from the statutory proceedings for the appointment of a guardian. The case is not in point. The soundness of the distinction is denied by Wigmore and the authorities cited by him. 3 Wigmore, Evidence, § 1671, note 4.

In the section of Wigmore just referred to, the author says that whether the person's mental capacity at the time of the inquisition is evidence of his condition at the time in issue is merely a question of the relevancy of the fact evidenced by the inquisition. In section 233, note 1, he says: "The question whether an inquisition or adjudication of insanity is admissible at all raises a question of an exception to the hearsay rule." "Supposing it admissible, then it evidences insanity at the time of the inquisition, and the present question—of the relevancy of insanity at the time—is then the same as in cases where the insanity is otherwise evidenced by conduct or the like."

In Giles v. Hodge, 74 Wis. 360, 43 N. W. 163, it was held that the record of a subsequent adjudication of incapacity is admissible, in connection with evidence that there had been no change in the conditions. In Small v. Champeny, 102 Wis. 61, 78 N. W. 407, the court holds that an adjudication of mental unsoundness is evidence only of the mental condition of the subject at the time of such adjudication, an unquestioned proposition, and upholds the rule of

Giles v. Hodge. The reasoning, in both cases, is the same as supports the admissibility of any other evidence of prior or subsequent mental condition.

The Iowa court considered the question in the case of In re Van Houten's Will, 147 Iowa, 725, 124 N. W. 886, 10 Am. St. 340. Two years after the will was executed, proceedings for the appointment of a guardian were instituted, and resulted in a judgment that the testator was then mentally competent. It was held that the record of this adjudication should have been admitted in evidence. The decision is based upon the rule that such an adjudication is evidence of the mental condition of the testator at the time of the judgment, and upon the conclusion that this has a probative value on the question of the mental condition at the time of the will.

We hold, notwithstanding the Pinney case, that the judgment or finding in the guardianship proceedings was competent evidence. Its admissibility depended upon whether the want of mental capacity of the testatrix in May or June had any probative value on the question of her mental capacity in April, when the will was made. If witnesses who had observed the actions of and conversed with the testatrix in June, would have been permitted to testify as to her sanity or insanity at that time, because such evidence was of probative value on the question of her mental state two months before, then the judgment or finding was admissible. In either case it is purely a question of the tendency of the evidence to prove the fact in issue. This was largely for the trial court to determine. On the motion for a new trial, it decided that the excluded evidence would have thrown some light upon the issue decided by the jury, and that the ruling was prejudicial error. The incapacity that the evidence tended to show in Mrs. Bullard was not a sudden attack, or a temporary condition. It was rather in the nature of mental decay. We are unable to say that the excluded evidence had no revelancy to the issue, and cannot disturb the trial court's decision that the ruling was prejudicial.

4. It is contended that because the application to the probate court was not to have Mrs Bullard declared insane, but only to have a guardian appointed because of her impairment of mental faculties

124 M.—3.

by reason of old age, and her consequent inability to manage her affairs, that the adjudication was inadmissible. We do not sustain this view. Her impairment of mental faculties and inability to manage her property, while not in itself ground for invalidating her will, is evidence of want of testamentary capacity that could be considered by the jury.

5. The petition was not admissible on the ground that it was an admission against interest made by a devisee. There were others who were financially interested in sustaining the will, and it is elementary that the declarations of one of two or more legatees or devisees are not admissible as against the others.

It is urged by the appellant that the evidence overwhelmingly sustains the verdict, and by the respondent that the contrary is true. It is sufficient to say that the evidence was conflicting. It is not so clear that Mrs. Bullard was of sound mind that we can say that the excluded evidence might not affect the result.

Order affirmed.