MATHILDA DAHLSIE v. C. A. HALLENBERG AND ANOTHER.[1]

July 11, 1919.

No. 21,267.

**Assault — verdict supported by evidence.**

1. The evidence is sufficient to sustain a verdict for damages for assault.

**Same — punitive damages — malice of incompetent.**

2. The fact that the probate court had appointed a guardian of the person and estate of defendant, is not conclusive evidence of his inability to entertain malicious intent, and the court properly submitted the question of punitive damages to the jury.

Action in the district court for Clay county to recover $6,000 for assault. The facts are stated in the opinion. The case was tried before Parsons, J., who when plaintiff rested denied defendants' motion to dismiss plaintiff's cause of action for assault, on the ground there was no evidence to sustain the allegation of the complaint, and a jury which returned a verdict for $500. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Edgar E. Sharp* and *N. I. Johnson,* for appellants.

*F. H. Peterson,* for respondent.

HALLAM, J.

This is an action for assault. Plaintiff had a verdict. Defendant appeals. Two questions are raised. The first contention is that the evi-

[1]Reported in 173 N. W. 433.

dence of assault is not sufficient to sustain the verdict; the second is that the court erred in submitting the question of punitive damages to the jury.

1. Plaintiff was employed by defendant as housekeeper. The testimony as to the alleged assault is in conflict. The only direct evidence is that of plaintiff on one side and defendant on the other. Plaintiff's testimony makes out a case of assault. There are some circumstances having a more or less remote bearing as corroboration. Defendant earnestly contends that plaintiff's story is so inherently improbable that the verdict should not be allowed to stand. We have carefully considered all the evidence and we are of the opinion that it fairly presents a question of fact for the jury, and that the verdict should not be disturbed.

2. At the time of the assault defendant was over 80 years old. He had been adjudged by the probate court to be incompetent and unable to care for and manage his property, and a guardian of his person and property had been appointed. The court submitted to the jury the question of punitive damages. He submitted to them the question "whether the defendant was mentally capable of making a wilful and malicious assault," and in substance instructed them that punitive damages could not be awarded if defendant's mental condition was such that he did not realize the nature of his act. Defendant contends that punitive damages cannot properly be given against a person under guardianship.

Our statutes, G. S. 1913, § 7433, authorize the appointment of a guardian of any person who, by reason of old age, loss or imperfection of mental faculties, is incompetent to have the management of his property. This court has held in substance that a judgment or order in proceedings for the appointment of a guardian of an incompetent person, taking from him the management of his property, is not conclusive evidence of his incapacity to make a will. McAllister v. Rowland, 124 Minn. 27, 144 N. W. 412, Ann. Cas. 1915B, 1006. See also Woodville v. Morrill, 130 Minn. 92, 153 N. W. 131. The purpose of the inquiry in the proceeding for the appointment of a guardian is to determine capacity to manage property and transact business. The determination is in no sense a determination of the question of mental inability to commit a wilful or malicious assault. The order in the guardianship proceeding was evidence to be considered by the jury as bearing upon defendant's abil-

ity to entertain a malicious intent, but it was not conclusive of his inability to do so. The court properly submitted the question of punitive damages to the jury.

Order affirmed.