## F. R. DOWDEN v. MIKE KANUCH.[1]

January 25, 1924.

No. 23,591.

**Specific performance of land contract—charge as to fraud error.**

The vendee in a contract for the sale of farm lands, sued by the vendor for specific performance, defending upon the ground of fraud inducing the contract, may establish the affirmative of the issue by proof by a preponderance of the evidence; and a charge that the law presumes fair and honest dealing, and that he must prove fraud by clear and satisfactory evidence, is erroneous, following Schmeisser v. Albinson, 119 Minn. 428.

Action in the district court for Jackson county. Defendant interposed a counterclaim for $3,500. The case was tried before Dean, J., and a jury which answered in the negative the question whether plaintiff or his agents made false statements in regard to the land on which defendant relied when he purchased it. The court made findings and ordered judgment in favor of plaintiff. Defendant's motion to set aside the findings because made before the time stipulated between the parties for a stay had expired, the court having no knowledge of the stipulation, was denied. From an order denying his motion for judgment notwithstanding the order for judgment or a new trial, defendant appealed. Reversed.

*Wilson Borst* and *Frank B. Kalash*, for appellant.

*E. H. Nicholas*, for respondent.

DIBELL, J.

Action by the plaintiff, vendor in a contract for the sale of farm lands, against the defendant, vendee in the contract, for specific

[1] Reported in 196 N. W. 819.

performance. There were findings for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

The defendant alleged fraudulent representations made by the agents of the plaintiff relative to the character of the lands inducing the contract. The issue of fraud was submitted to a jury which found against the defendant.

The court charged that the burden of proving fraud rested on the defendant; that "the law presumes all men act fairly and honestly; that their dealings are in good faith and without intention to wrong, cheat or defraud others, until such presumption is overcome by clear and satisfactory evidence, and unless you find, by clear and satisfactory evidence, that plaintiff made false representations to defendant * * * your verdict must be for the plaintiff." In Schmeisser v. Albinson, 119 Minn. 428, 138 N. W. 775, we held that an issue of fraud, substantially like that before us, could be established by a preponderance of the evidence. It was considered the then settled doctrine of the state. The cases are not in accord and many sustain an instruction requiring proof variously characterized as clear, satisfactory, convincing or positive. See 5 Wigmore, Ev. § 2498 (3); 23 C. J. 16; note 33 L. R. A. (N. S.), 836-843. We follow our established rule.

Complaint is made of other portions of the charge, and of the refusal to give instructions requested. The charge was a little unfavorable to the defendant, but we need not consider other errors urged.

The claim of fraud was the important issue at the trial. The answer admitted the plaintiff's title at the date of the contract. It put in issue by a general denial the plaintiff's allegations of performance; but, alleging the fraud in detail, it averred that because of it the defendant "refused to carry out the terms and conditions of said contract." We do not consider whether, fraud aside, the plaintiff made a case for specific performance, nor the effect of the plaintiff paying a mortgage resting upon the property at the date of the contract, and becoming due at the date fixed for closing it, by executing one running for five years at an increased rate

of interest, the defendant having assumed by the contract the payment of "existing mortgages," nor other claims made by the defendant in his brief.

Order reversed.