## L. R. EWERT v. JOSEPH CHIRPICH.[1]

December 24, 1926.

No. 25,625.

**Verdict sustained that maker of note was incompetent.**

1.   The evidence sustains the verdict to the effect that the maker of the promissory note in suit was mentally incompetent to transact business when he executed the same.

**Testimony of nonexperts as to his competency admissible.**

2.   There was no abuse of judicial discretion in admitting, upon the foundation laid, the opinion of nonexperts as to the competency of the maker of the note to transact business.

**Refusal of instruction correct.**

3.   No error was made in refusing an instruction singling out and indicating the effect of evidentiary matter.

Bills and Notes, 8 C. J. p. 1045 n. 90.
Contracts, 13 C. J. p. 778 n. 17.
Evidence, 22 C. J. p. 601 n. 67; p. 603 n. 88.
Trial, 38 Cyc. p. 1601 n. 52; p. 1675 n. 70; p. 1677 n. 75.

Plaintiff appealed from an order of the district court for Blue Earth county, Haycraft, J., denying his motion for judgment notwithstanding the verdict or for a new trial.   Affirmed.

*Frundt & Morse,* for appellant.

*Meighen, Knudson & Sturtz,* for respondent.

HOLT, J.

Appeal from an order denying plaintiff's motion in the alternative for judgment notwithstanding the verdict or a new trial.

The action was upon a promissory note executed by defendant's intestate, Thomas Yokiel, to which the defense was that the maker was mentally incapacitated to transact business when the note was given.   In September, 1921, Kulot Brothers were indebted to the

[1]Reported in 211 N. W. 306.

bank of which plaintiff is receiver, and one Koziolek had signed a note with them which the bank held. Koziolek desired to be freed from the obligation, and he and one of the Kulots obtained the signature of Yokiel to a promissory note executed by Kulot Brothers for $2,000 payable to the bank. This note was dated September 21, 1921, due December 21, 1921. It was the intention of the makers to have the bank accept this note in lieu of the one on which Koziolek was liable. The evidence in behalf of defendant is that, when the note was presented to the bank, the cashier, Mr. Schmitz, would not accept it, stating that Yokiel was incompetent and ought to be under guardianship. The record is obscure as to what was then done with that note. On April 3, 1922, a demand note for $2,080 was signed by Yokiel alone, payable to the bank. This is the note in suit.

Yokiel died in January, 1924. He was then 81 years old. The evidence is that he had been gradually failing mentally and physically since his wife's death in 1918. At the time of the execution of both notes, the evidence for defendant would justify the jury in finding that the mind of Yokiel was so far gone that he could not remember the number of his children; that he could not retain recollection of events of the previous hour; that he would lose himself in the little town of 2,000 inhabitants where he had lived for over 15 years; and that he could not and did not attend to any financial transaction of even the simplest kind, but that was left for relatives and the housekeeper. There was testimony for plaintiff to the effect that, though physically declining, Yokiel was mentally alert; but the jury had ample warrant for finding mental incompetency at the time the note involved was obtained. Although it appears that the condition of his mind was somewhat variable, excitement and disturbance noticeably interfering with its proper working, there was a gradual and progressive decline, so that the jury could well conclude that he had not sufficient mental capacity to realize what he was doing when, on April 3, 1922, the note in suit was signed. We think the evidence of incompetency is far stronger and more directed to the act in issue than in Shaughnessy v. Shaughnessy, 135 Minn. 262, 160 N. W. 769, on which appellant so much relies. Counsel also

cite Carlson v. Elwell, 128 Minn. 440, 151 N. W. 188, and Johnson v. Brastad, 143 Minn. 332, 173 N. W. 668, to the proposition that for defendant to prevail the evidence must not only preponderate, but must be clear and convincing.  Such is the rule where it is sought to invalidate an instrument obtained by fraud and misrepresenta-tion.  Where however the action is upon a written contract and the defense is legal incapacity of the maker, we see no reason why a preponderance of the evidence should not determine the issue whether it be infancy, intoxication, insanity or mental incompetency. Dowden v. Kanuch, 158 Minn. 75, 196 N. W. 819.  But on this score plaintiff has nothing of which to complain, for the court charged that "by a fair preponderance of the evidence, clearly and convincingly," the mental incompetency of Yokiel must be proved.

Error is assigned on rulings permitting nonexpert witnesses to express an opinion as to Yokiel's competency to transact business. Whether proper foundation has been laid is largely left to the sound discretion of the trial court.  Walso v. Latterner, 143 Minn. 364, 173 N. W. 711.  We think the foundation in the instant case was ample for the opinion of the nonexperts.  Apart from the housekeeper who for years constantly observed Yokiel, and close relatives who had done likewise, a friend who had known him for 48 years was permitted to give his opinion that he had not mental capacity to do ordinary business in 1922.  The witness had prior thereto given a number of incidents showing serious mental lapses of Yokiel going as far back as 1920.  There was no error in admitting the testimony.  Pinney's Will, 27 Minn. 280, 6 N. W. 791, 7 N. W. 144; Woodcock v. Johnson, 36 Minn. 217, 30 N. W. 894; McKillop v. Duluth St. Ry. Co. 53 Minn. 532, 55 N. W. 739; Kraus v. Nat. Bank of Commerce, 140 Minn. 108, 167 N. W. 353.

The point that these witnesses' observations did not relate to business transactions or attempted business deals should not be sustained, for practically during the whole time since 1920 his mind had not been in a condition so as to permit him to attend to any business, he and every one close to him so recognized and no attempt to do so was made by him unassisted.  There is no evidence that a

mortgage foreclosure and assignment of the sheriff's certificate were at his initiative, or that he did any more therein or in conveying his real estate to his children than merely signing his name where his relatives told him. In fact he had no sooner signed the deed than he forgot all about having so done.

. Counsel for appellant candidly concede that in itself it could not be reversible error to refuse the requested instruction, that the mere fact that the giving of the note in suit was not a wise thing for Yokiel to do was not sufficient to show want of mental capacity to know and understand the nature of the act. Arguments advanced in a decision (Rogers v. Central L. & Inv. Co. 149 Minn. 347, 183 N. W. 961), are seldom appropriate for instructions to a jury. It was not incumbent on the court to single out an evidentiary or argumentative matter and indicate its effect.

The order is affirmed.

Mr. Justice Quinn did not take part in the decision.