## Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Tilford T. Shoot.

1. CONSIGNOR AND CARRIER—*burden to establish knowledge of restrictive conditions.* The burden is upon the carrier to show that a shipper had knowledge of and assented to the restrictive provisions of a contract of shipment signed by the shipper.

2. CONSIGNOR AND CARRIER—*what evidence competent as tending to show knowledge of restrictive conditions.* The fact that the consignor had on prior occasions signed similar contracts of shipment, is competent as tending to show knowledge of the restrictive conditions contained in a particular contract in question in the cause.

Action for damages. Appeal from the Circuit Court of Coles county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

GEORGE F. McNULTY, for appellant; H. A. NEAL, of counsel.

F. K. DUNN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment in the court below against appellant for $280, as his damages occasioned by the alleged delay in transporting 35 head of cattle from Charleston to Chicago.

At the conclusion of all the evidence the court gave a peremptory instruction directing the jury to find a verdict for appellee and to assess his damages at an amount equal to the difference, if any, in the market value of the cattle at Chicago between the time they would have arrived there if they had arrived without unreasonable delay, and the time to which they were unreasonably delayed by the negligence of the defendant; and also the loss, if any, occasioned by the additional shrinkage in weight of the cattle between these two times, if any such additional shrinkage was shown.

It was insisted on behalf of appellant, that by the terms of the contract of shipment signed by appellee,

the measure of damages in event of any unusual delay or detention of the cattle, caused by its negligence, or the negligence of its connecting carrier, was the amount actually expended by appellee in the purchase of food and water for the cattle while so detained. A shipping contract containing such a provision was offered in evidence by appellant but was rejected by the court upon the ground that it did not appear from the evidence that appellee had knowledge of and had assented to the terms of the contract.

The rule in this state is decisively and finally established that the burden is upon the carrier to show that the shipper had knowledge of and assented to the restrictive provisions in a contract of shipment signed by the shipper. Wabash R. R. Co. v. Thomas, 222 Ill. 337.

Whether or not the shipper had such knowledge and did so assent is a question of fact for the jury. In the case at bar there was evidence tending to show that appellee had knowledge of and that he assented to the terms of the contract, and the trial court erred in refusing to admit the contract in evidence, and in giving the peremptory instruction. Appellee testified with reference to the contract, as follows: "I understood what the rate was. I think I signed a bill of lading. Every time I shipped cattle to Chicago, or any place else, I signed a bill of lading. I understand in part what a bill of lading contains. They always used the same form of bill of lading, so far as I know." The instruction is also subject to the criticism that it does not limit the jury in their assessment of damages to the evidence in the case.

The court erred in refusing to permit appellant to show that appellee had, on prior occasions, signed similar contracts. W., St. L. & P. Ry. Co. v. Jaggerman, 115 Ill. 407.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*