F. D. Hennigh, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. COMMON CARRIERS—*burden to establish limitation upon liability*. A carrier who relies upon a contract to limit the extent of its liability has the burden of showing that the shipper assented to its terms.

. 2. EVIDENCE—*how question of reasonable time of carriage cannot be shown*. It is not competent to show what is a reasonable time to be consumed by a carrier in transporting merchandise between particular points by having witnesses testify as to what is such reasonable time.

3. INSTRUCTIONS—*what should contain where ends with direction*. If an instruction directs a verdict for either party or amounts to such a direction, in case the jury should find certain facts, it must necessarily contain all the facts which will authorize the verdict.

Action in case. Appeal from the Circuit Court of Shelby county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed June 11, 1908.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, HAMLIN & GILLESPIE and W. C. KELLEY, of counsel.

RICHARDSON & WHITAKER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Shelby county to recover damages from appellant for its alleged negligent failure to transport, within a reasonable time, eighty head of cattle belonging to appellee from Windsor, Illinois, to Chicago. There was a trial had before a jury which resulted in a verdict in favor of appellee in the sum of $300, upon which the court rendered judgment. The railway company appealed.

The liability charged in appellee's declaration was that the railway company on October 2, 1906, received from appellee at Windsor, Illinois, eighty head of cattle of the value of $2,000, to be carried by appellant within a reasonable time to the Union Stock Yards in Chicago and there delivered to appellee's commission men, but that said appellant, not regarding its said duty, through negligence and carelessness failed to transport said cattle within a reasonable time and permitted them to remain in transit for such an unreasonable time that appellee suffered loss in said cattle by shrinkage and by sale on a falling market.

Appellant filed a plea of not guilty and upon the trial, as a part of its defense, insisted that appellee was bound by the terms of a contract, usually termed a shipper's contract, alleged to exist between the parties, which provided that in the event of any unusual delay in such shipment, caused by the negligence of the appellant, or its employes, or otherwise, he would accept as full compensation for his loss, the amount actually expended by him in the purchase of food and water for such stock while so detained.

Appellant first insists that no recovery could be had except upon the terms of the contract, which limited a recovery in case of delay to the cost of food and water alone, and that appellee was estopped thereby from recovering anything in excess of the cost of food and water.

We cannot adopt appellant's theory upon this subject. The right of action expressed in each count of the declaration was distinctly charged as being negligence and carelessness upon the part of appellant in delaying transportation, which could be based upon shipment made as well without as with a written contract of shipment.

As presented by the issues closed, the contract involved was a matter of defense alone, the burden of establishing which rested upon the appellant, which contract had no force whatever until appellant had shown that appellee knew of its terms and had assented thereto. Wabash R. R. Co. v. Thomas, 222 Ill. 337.

Appellant next insists that there was error in the action of the trial court in permitting certain witnesses upon the part of appellee to say that from twelve to fourteen hours was a reasonable time in which to transport cattle from Windsor to Chicago. While it might have been proper to allow testimony to be given by one familiar with such transportations, to show the usual and customary time required to make such shipment, in the method employed, yet to allow a witness to say whether or not the shipment involved was made within a reasonable time, was to permit the witness to determine for the jury the precise question which it was their exclusive province to decide.

Appellant next contends that the court erred in giving appellee's third instruction which told the jury in substance that if they believed from a preponderance of the evidence that defendant received the cattle from plaintiff to be transported from Windsor to Chicago, that it was then the duty of the defendant to transport and carry them within a reasonable time; and if the defendant through its negligence or the negligence of its connecting carrier failed to transport said cattle from Windsor to Chicago within a reasonable time and that the cattle were thereby and on account of such delay decreased in value, then plaintiff would be

entitled to recover such damages as the evidence showed he had sustained.

This instruction was erroneous. It in substance directed a verdict for appellee without calling the attention of the jury to the contract which appellee claimed existed between the parties. If an instruction directs a verdict for either party or amounts to such a direction, in case the jury should find certain facts, it must necessarily contain all the facts which will authorize the verdict. Pardridge v. Cutler, 168 Ill. 504; Montgomery Coal Co. v. Barringer, 218 Ill. 327, 337; Swiercz v. Ill. Steel Co., 231 Ill. 456.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*