### Lucius B. Bacon et al., Appellees, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. COMMON CARRIERS—*what not competent upon question of reasonable time for transportation.* In order to show what was a reasonable time for a carrier to transport cattle, it is not competent to receive opinions of witnesses, as such question is one of fact to be determined by the jury upon a consideration of all the facts and circumstances adduced by the evidence in the cause.

2. COMMON CARRIERS—*how assent of shipper to restrictive provisions shown.* The assent of a shipper to restrictive provisions contained in a shipping ticket signed by him, is a question of fact to be determined by the jury, and it is error for the court to exclude evidence which tends to show such assent.

3. COMMON CARRIERS—*when delay in transportation does not create liability.* In the absence of a special contract with the carrier whereby such carrier agrees to deliver a shipment within a specified time, mere delay in transportation does not create a liability on the part of the carrier to respond in damages, but when the delay is prolonged beyond the time within which a like shipment is usually and customarily transported between the point of shipment and the point of delivery, the burden is cast upon the carrier to explain such delay and to show that it did not result from its negligence or the negligence of its connecting carrier.

4. COMMON CARRIERS—*what excuses delay in transporting.* Absence of negligence excuses a carrier for delay in transporting and it is error to instruct the jury that only an act of God or the public enemy can supply such excuse.

Bacon v. Cleveland, C., C. & St. L. Ry. Co., 155 Ill. App. 40.

Action in case. Appeal from the Circuit Court of Edgar county; the Hon. J. W. Craig, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

George B. Gillespie, for appellant; L. J. Hackney, Hamlin & Gillespie and Shepherd & Trogdon, of counsel.

H. S. Tanner and J. E. Dyas, for appellee.

Mr. Presiding Justice Baume delivered the opinion of the court.

The plaintiffs recovered a verdict and judgment against the defendant in the circuit court of Edgar county for $229.44, as damages for the alleged failure of defendant to carry four carloads of cattle from Ridge Farm to Chicago within a reasonable time, whereby said cattle were caused to shrink in weight, and were necessarily sold for a less price than that which prevailed in the market on the day when said cattle should have arrived in Chicago if they had been transported within a reasonable time. From such judgment the defendant prosecutes this appeal.

The cattle left Ridge Farm about nine o'clock p. m. on October 26, 1904, and arrived in Chicago about six o'clock p. m. on October 27, and were sold on the market on the day following.

Numerous errors are assigned upon the rulings of the trial court, a consideration of which as a whole, requires a reversal of the judgment and the remandment of the cause for another trial.

The court improperly permitted the witnesses called on behalf of the plaintiffs to give their opinions as to what was a reasonable time within which to transport the cattle from Ridge Farm to Chicago. Whether or not the cattle were transported within a reasonable time was a question of fact to be determined by the jury upon a consideration of all facts and circum-

stances adduced by the evidence in the case. A proper element to be considered by the jury in that regard was the usual and customary time in which cattle were ordinarily transported between the points named, and the inquiry should have been thus limited. The question was not one to be determined by the mere opinion of witnesses. C. C. C. & St. L. Ry. Co. v. McNutt, 138 Ill. App. 66; Hennigh v. C. C. C. & St. L. Ry. Co., 143 Ill. App. 283.

Whether the plaintiffs had knowledge of and assented to the restrictive provisions of the shipping contract signed by them was a question of fact for the jury. The trial court in numerous instances excluded evidence which tended to show that plaintiffs had such knowledge and that they assented to such provisions, which evidence was competent to be considered by the jury upon that issue.

It is not charged in the declaration that the defendant was negligent in failing to furnish cars at Ridge Farm within a reasonable time after the cattle were delivered at the yards of the defendant, and the record discloses that the trial court so held. Notwithstanding such holding, however, the court permitted some of the witnesses called on behalf of the plaintiff to testify to matters relating to such subject, which testimony could not have been otherwise than prejudicial to the defendant.

In the absence of a special contract with the carrier, whereby such carrier agrees to deliver a shipment within a specified time, mere delay in transportation does not create a liability on the part of the carrier to respond in damages, but when the delay is prolonged beyond the time within which a like shipment is usually and customarily transported between the point of shipment and the point of delivery, the burden is cast upon the carrier to explain such delay, and to show that it did not result from its negligence, or the negligence of its connecting carrier, in cases where it is held respon-

sible for the negligence of its connecting carrier. Shoot v. C. C. C. & St. L. Ry. Co., 145 Ill. App. 532. In the case at bar the defendant offered evidence tending to show that the alleged unreasonable delay in the carriage of the cattle was without its fault and without the fault of its connecting carrier, the Chicago & Eastern Illinois R. R. Co. of Danville, Illinois, which evidence was erroneously excluded by the court.

Counsel for defendant present a somewhat lengthy argument based upon an alleged provision in the shipping contract, whereby the defendant was relieved of liability for the negligence of its connecting carrier. A careful examination of the contract discloses no such provision and the argument is, therefore, irrelevant.

By the second instruction given at the instance of the plaintiffs the jury were told that "when a common carrier for pay received cattle to be transported it must deliver them within a reasonable time at their destination, and nothing will excuse such delivery within a reasonable time except the act of God or the public enemy." This instruction was clearly erroneous. The rule that only an act of God or the public enemy can excuse the non-delivery of goods entrusted to a common carrier for transportation is not applicable to the duty of a common carrier with reference to the time of delivery. A common carrier is bound to deliver goods without unreasonable delay, but the failure of a common carrier to deliver goods within a reasonable time involves a consideration of the question of negligence by the carrier, and a delay however long cannot be said to be unreasonable if the carrier can show that it was free from any negligence which contributed to such delay. Ill. Cen. R. R. Co. v. McClellan, 54 Ill. 70; Mich. Cen. R. R. Co. v. Curtis, 80 Ill. 324; Adams Ex. Co. v. Bratton, 106 Ill. App. 563; Wabash R. R. Co. v. Johnson, 114 Ill. App. 545.

The third instruction offered by defendant omitted as an element of damage the alleged decline in the

market price of cattle in Chicago from October 27 to October 28, and it would have been error to give the instruction as offered.

The second and third instructions offered by the defendant and refused by the court were properly refused because they absolved the defendant from liability for any unreasonable delay which may have been caused by the negligence of its connecting carrier.

For the reasons indicated the judgment of the circuit court will be reversed and the cause remanded.

*Reversed and remanded.*