## STATE ELEVATOR COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 16, 1916.

Nos. 19,857—(228).

**Carrier — loss in weight of shipment — evidence of weight sufficient.**

    1. In this, an action for loss of wheat in transit, plaintiff showed the amount of wheat by weight delivered at destination. It is *held* also

[1]Reported in 158 N. W. 399.

that the evidence of its principal witness was competent and sufficient to show the amount by weight loaded at the shipping point and to prove the amount of the loss.

**Evidence of collateral facts — discretion of court not abused.**

2. Evidence as to inaccuracy in weights of other carloads shipped by plaintiff at about the same time was offered to show the inaccuracy of plaintiff's scales. This was evidence of facts collateral to the issue. Its reception or rejection rested largely in the discretion of the trial court. There was some question whether sufficient foundation was laid, since the shipments as to which the proof was offered were made under circumstances differing from those which surrounded the shipments in controversy in this action. The rejection of the testimony was within the court's discretion.

Action in the municipal court of Minneapolis upon five causes of action to recover $500 and a penalty of $25 under G. S. 1913, §§ 4314, 4315 and 4316 on each cause of action. The case was tried before Bardwell, J., and a jury which returned a verdict for $184.63 upon the third cause of action, and $168.07 upon the fifth cause of action. From an order denying its motion for judgment notwithstanding the verdict or for a new trial in the third and fifth causes of action, defendant appealed. Affirmed.

*Cobb, Wheelwright & Dille, H. C. Mackall* and *M. L. Countryman,* for appellant.

*John P. Devaney* and *E. J. Frisbee,* for respondent.

HALLAM, J.

This action was brought to recover for loss of part of two carloads of wheat in transit from New Germany, Minnesota, to Minneapolis, Minnesota. Plaintiff showed the quantity of wheat unloaded in Minneapolis. As to this amount no question is raised. It then undertook to show that the quantity loaded at New Germany was substantially more, and in that manner arrived at the amount of the loss. Defendant makes two contentions.

1. It is contended that there is no competent evidence of the amount loaded at New Germany. The evidence of plaintiff on this point is that of its agent Kempen. Defendant contends that his testimony as to the amount shipped is in terms not of weight, but of bulk. If this be true, then his testimony was of no value, since the testimony as to the amount deliv-

ered in Minneapolis is in terms of pounds. Whether or not defendant's contention is true depends simply on the proper construction of the language which this witness used on the stand. His language may not have been well chosen, but we cannot give it the meaning contended for by defendant. His testimony is that the wheat was loaded into the car by means of a hopper scale. This hopper scale has a scale beam with bushel weights, so that instead of indicating "so many pounds," as the ordinary scale does, it indicates "so many bushels" of 60 pounds each. Of course it is immaterial whether the unit of the scale is a pound or a bushel, so long as it is a unit of weight. In either case weight, and not bulk, is the basis of computation. The testimony of this witness quite plainly means that the figures given as to the number of bushels loaded at New Germany are based upon weight and not bulk, and it was competent and sufficient evidence to show the amount by weight which was loaded.

2. The other contention made is that the court erred in refusing to receive certain offered testimony. The defendant offered to show by this same witness, Kempen, on cross-examination under the statute, that, during a period which included the loading of the cars in controversy, plaintiff shipped from New Germany to Minneapolis 25 other cars of grain, that plaintiff's shipping memoranda show that the wheat contained in these cars was weighed over the same scales used to weigh the wheat which is here in controversy, and that 13 out of the 25 arrived at destination with an amount greater than plaintiff's records show was weighed into the cars. The purpose of the proposed proof was to show the inaccuracy of the scales. The court received testimony of this character as to some of the cars shipped. As to other cars, objection being made, the offered proof was rejected, on the ground, not that testimony of discrepancies in other shipments was not admissible, but that no foundation was laid for the reception of the offered evidence as to these particular cars. The reason that moved the court in excluding the testimony which was rejected was, that it appeared that the witness had not loaded these cars, nor had he weighed their contents; that they were loaded by his son, a boy of 20; that the memoranda of weights were made by the son; that some of the grain loaded by the son was not in fact weighed at all, and that that which he did weigh was not carefully weighed. We think the court did not err in rejecting this evidence as to discrepancies in other

shipments. The offered evidence was of facts collateral to the issue. Such evidence may be admitted when the collateral facts will have a direct logical tendency to shed real light on the question in issue. Cochran v. West Duluth Ind. Const. & Imp. Co. 64 Minn. 369, 67 N. W. 206; Philips v. Mo, 91 Minn. 311, 97 N. W. 969; Humphrey v. Monida & Yellowstone Stage Co. 115 Minn. 18, 131 N. W. 498. That is, if there is a question as to the testimony of a witness upon a point in issue, evidence may be received of collateral facts which have a direct bearing upon the reasonableness, and therefore upon the credibility, of the testimony. Glassberg v. Olson, 89 Minn. 195, 197, 94 N. W. 554. The reception of such testimony rests largely in the discretion of the trial court. Such facts may in some cases have great persuasive force. On the other hand, their introduction prolongs the trial and may divert the jury from the real issue. The question as to whether a sufficient foundation has been laid, that is, whether a close enough relation has been shown between the collateral facts and the point at issue, rests largely in the discretion of the trial court as in other cases where it is necessary to lay a foundation for the introduction of evidence. See Clarke v. Philadelphia & Reading Coal & Iron Co. 92 Minn. 418, 421, 100 N. W. 231. In this case the evidence that the circumstances were dissimilar was such that on that ground alone the trial court might, in its discretion, reject the offered proof.

Order affirmed.