## NATIONAL ELEVATOR COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 17, 1919.

No. 20,900.

**Cárrier — time of delivery.**

1. In the absence of a special contract a common carrier is not an insurer of the time of delivery as he is of safe delivery. He must use

[1]Reported in 170 N. W. 515.

diligence and must deliver within a reasonable time and is liable for negligence.

**Same — delay in delivery — absence of negligence — burden of proof.**

2. The delay may be so great and unusual and unless explained so unreasonable as to put upon the carrier the burden of proving absence of negligence.

**Same — evidence.**

3. Evidence of the time taken in a number of other shipments between the same points as the one involved in suit *held* competent proof as to the usual and reasonable time.

**Same — burden of proof.**

4. A shipment referred to in the evidence is *held* to have been so unusually and so long delayed that the burden of proof was upon the defendant of excusing its delay and showing that it was not negligent.

**Same — striking out evidence of excuse.**

5. While the development of a hot-box may be such an incident to railway operation that the carrier may excuse a particular delay resulting from it, the evidence offered by the defendant was insufficient as an excuse and it was not error to strike it out.

Action in the municipal court of Minneapolis to recover $89.80 for damage caused by delay in a shipment of wheat. The answer was a general denial. The case was tried before Montgomery, J., who at the close of the testimony denied motions for directed verdicts and a jury which returned a verdict for $54.64. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the order denying its motion for a new trial, defendant appealed. Affirmed.

*M. L. Countryman, Cobb, Wheelwright & Dille* and *John C. Benson,* for appellant.

*Lancaster, Simpson & Purdy* and *A. C. Remele,* for respondent.

DIBELL, J.

Action to recover damages sustained by the plaintiff through the delay of the defendant in the shipment of a carload of wheat. There was a verdict for the plaintiff and the defendant appeals from the order denying its motion for a new trial.

The wheat was shipped from Baker to Duluth via Sandstone. In ac-

cordance with custom it was inspected at the latter point by the state, the sample was sent to Duluth, and it was then for sale on the Duluth market as wheat on track. The car started from Baker on September 17, 1915, in the evening, and arrived at Sandstone on Saturday, September 25, in the afternoon, and the wheat was sold on the Duluth market on the following Monday. The plaintiff claims that if the wheat had been transported with reasonable dispatch it would have reached Sandstone at such time that it would have been sold on the Duluth market on September 22, and that because of the delay it suffered a loss through the decline of the market.

1. In the absence of a special contract a common carrier of goods is not an insurer of the time of delivery as he is of safe delivery. He must use diligence. He is liable for negligence. He must deliver within a reasonable time. He may excuse his delay. These are well settled general principles determinative of the common law liability of the carrier. Parsons v. Hardy, 14 Wend. (N. Y.) 215, 28 Am. Dec. 521; Delaney v. U. S. Exp. Co. 70 W. Va. 502, 74 S. W. 512; Palmer v. Atchison R. Co. 101 Cal. 187, 35 Pac. 630; Pittsburgh R. Co. v. Knox, 177 Ind. 344, 98 N. E. 295; American Exp. Co. v. Smith, 33 Oh. St. 511, 31 Am. Rep. 561; Johnson v. East Tenn. R. Co. 90 Ga. 810, 17 S. E. 121; Chicago R. Co. v. Kirby, 225 U. S. 155, 32 Sup. Ct. 648, 56 L. ed. 1033, Ann. Cas. 1914A, 501; Dobie, Bailments & Carriers, p. 360; 2 Hutchinson, Carriers, § 651, et seq.; 1 Moore, Carriers, p. 341; 10 C. J. 283; 5 Am. & Eng. Enc. (2d ed.) 254; 4 R. C. L. 737. There was no special contract of carriage between the plaintiff and the defendant.

2. The delay may be so great and unusual and unless explained so unreasonable as to put upon the carrier the burden of showing that it was not the result of a want of diligence. Mann v. Birchard, 40 Vt. 326, 94 Am. Dec. 398; Woodford v. Baltimore & O. R. Co. 70 W. Va. 195, 73 S. E. 290; Woods v. Toledo R. Co. 159 Ill. App. 209; Shoot v. Cleveland R. Co. 145 Ill. App. 532; McElwain v. Union R. Co. 101 Neb. 484, 163 N. W. 845; Jolliffe v. Northern Pacific R. Co. 52 Wash. 433, 100 Pac. 977; Cincinnati R. Co. v. Myers, 165 Ky. 700, 178 S. W. 1038; 5 Am. & Eng. Enc. (2d ed.) 254; 1 Moore, Carriers, pp. 358, 360; 4 R. C. L. 916, 917, 922; 10 C. J. 301.

The rule is one of practical convenience and is fair. It rests upon

the fact that the cause of the delay is within the knowledge of the carrier and usually without that of the shipper. It is just that the carrier bear the burden of showing that it is not ascribable to negligence. We do not find that the precise question has been decided in this state. We have held however that the burden rests upon the carrier which has completed the transportation and whose liability is that of a warehouseman to show that a loss was not the result of its negligence. Rustad v. Great Northern Ry. Co. 122 Minn. 453, 142 N. W. 727. The principle is the same.

3. In proof of the usual and reasonable time required for transportation from Baker to Sandstone the plaintiff offered evidence of five other shipments which it made in October and November following the September shipment. The record does not show that it made shipments other than these. They were in close proximity in point of time to the one involved and nothing indicates that shipping conditions were more favorable. The record does not suggest that they were chosen because they were particularly fortunate ones. Two of them arrived in two days, two in three days and one in four days. This evidence was competent. No very serious objection can be made upon the ground that it involved the investigation of facts collateral to the issue. See State Elev. Co. v. Great Northern Ry. Co. 133 Minn. 295, 158 N. W. 399. The plaintiff made use of the evidence which it had at hand. The issue was whether this particular shipment moved with usual and reasonable promptness. This was one way of showing that it did not.

4. It is hardly to be denied that the shipment was unusually delayed. The defendant offered no evidence to show the usual time of transportation. It offered nothing to show what time was needed under shipping conditions as they were. It was in position to prove the fact. Considering the long delay we think the case is within the rule stated in paragraph 2 and that the burden was upon the defendant to show that the delay was not occasioned by its negligence.

5. The defendant undertook to show that it was diligent. This was the principal question litigated. It traced the movement of the car from the time it left Baker until it arrived at Sandstone and accounted for its delays. At Alexandria it was set out because of a hot-box and it stayed there something more than a day. At Sauk Center there was

some delay on account of the required observance of the hours of service law. The evidence in reference to this is so meagre that nothing need be said of it. There were delays at division points and likely necessary ones for the car was not moving with a through train from Baker to Sandstone. At St. Cloud the car was repaired and the trouble resulting in the hot-box was removed. The repair work required some six or seven hours. The car stayed at St. Cloud for upwards of two days. Seven days after it left Baker it was still at St. Cloud, 150 miles away. The run from St. Cloud to Sandstone, a distance of some 80 miles, was made probably in some six or eight hours. The exact time is not shown but the conductor in charge came right from Sandstone in the morning and reached Sandstone on his return between three and four o'clock in the afternoon.

The court struck out the evidence relative to the hot-box and the delays consequent upon it. The striking out of this evidence presents a question not free of trouble.

We are not prepared to say that a carrier must conduct its railway operation so efficiently as to avoid a hot-box and that it is liable for every incidental delay caused thereby. Such is the claim of the plaintiff. Its specific contention is that the existence of a hot-box imports negligence and that delay caused by a hot-box can never be excused. We do not so hold. We are not dealing with a case where a carrier is liable as an insurer subject to the well-recognized exceptions. The defendant however was required to exercise diligence. No effort was made to repair the hot-box at Alexandria. The evidence is that a handy-man could put in waste and oil in five minutes. This is a usual remedy and it is sometimes effective. There is nothing to show that it would not have been useful in this instance. The car stayed at Alexandria something more than a day. It was more than two days at St. Cloud. The repairs made there required some six or seven hours. The lack of diligence in caring for the hot-box after it developed is so marked that we are of the opinion that the court did not err in striking out the evidence upon the ground that it furnished no excuse.

There are no other matters requiring particular mention though some are discussed in the briefs. The court submitted the question of negligent delay to the jury and its finding is sustained. It is fairly clear that

most of the delay can be accounted for by the presence of the hot-box and we have held this was not excused. There is some complaint as to the evidence of the price of the wheat on the different days on the Duluth market. We find no prejudicial error in connection with it.

Order affirmed.