# FARMERS & MERCHANTS NATIONAL BANK OF IVANHOE v. FRANK PRZYMUS.[1]

November 28, 1924.

No. 24,078.

**Verdict sustained.**
    1. The evidence is sufficient to sustain the verdict.

**Evidence of collateral facts admissible when conflicting testimony upon an issue.**
    2. Where the testimony upon an issue is conflicting, evidence of collateral facts, tending to show which statements are the more credible may be admitted.

**When intermeddler is not entitled to credit for money paid.**
    3. One who takes property without right and sells it is not entitled to credit for a payment made out of the proceeds unless he shows that it discharged a valid claim against the property.

Action in the district court for Lincoln county to recover possession of certain crops or for $500, their value. The case was tried before Olsen, J., and a jury which returned a verdict for defendant for

[1]Reported in 200 N. W. 931.

$620.69. From an order granting plaintiff's motion for a new trial unless defendant consented to a reduction of the verdict to $562.74, plaintiff appealed. Affirmed.

*Johnson & Schaefer*, for appellant.

*Mathews & Mathews*, for respondent.

TAYLOR, C.

Defendant operated a farm of 140 acres in Lincoln county for several years under an arrangement with the owners, the terms of which are not disclosed. In 1920 he was indebted to plaintiff in the sum of $480 and gave a chattel mortgage upon some cattle as security for its payment. In June, 1922, the debt remaining unpaid and some of the cattle having died, he executed a second mortgage to plaintiff covering the cattle that remained and the crops to be raised in the years 1922 and 1923. The mortgage recited that it was a renewal and was not intended to release any of the security included in the original mortgage. The crop of 1922 was covered by a prior mortgage for $2,900 given by defendant to the First National Bank of Ivanhoe, and including it in this mortgage added little, if anything, to the security. In February, 1923, plaintiff foreclosed its original mortgage on the cattle and applied the proceeds on the debt. The balance still due was somewhat in excess of $400.

In August, 1923, plaintiff brought this action in replevin to obtain possession of the crop of 1923 for the purpose of foreclosing its mortgage thereon. Defendant interposed an answer asserting that the provision covering the crop of 1923 had been fraudulently inserted in the mortgage without his knowledge or consent. The grain was taken by the sheriff and delivered to plaintiff, and plaintiff forthwith foreclosed its mortgage and sold the grain thereunder. At the trial, the jury returned a verdict for defendant for the return of the grain or for its value which they fixed at the sum for which it had been sold.

1. Plaintiff contends that the verdict is not sustained by the evidence. All the transactions with defendant were conducted on plaintiff's part by Frank R. Cluczny, its vice president, who seems

to have been its active and managing officer. The only testimony concerning the matter of giving the mortgage in controversy is that of Cluczny on one side and of defendant on the other. The mortgage was prepared by Cluczny on a printed blank. Defendant could not read English, nor write except to sign his name. They agree that the mortgage was to cover the cattle included in the former mortgage and also the crop of 1922. Cluczny says that defendant expressly agreed to include the crop of 1923 also, and executed the mortgage knowing that it covered the crop of that year. Defendant says that the crop of 1923 was never mentioned and no suggestion that it be included in the mortgage was ever made. He further says that the mortgage as read to him by Cluczny covered only the cattle and the crop of 1922, and that he executed it believing that Cluczny had correctly stated its contents. They flatly contradicted each other and each is corroborated to some extent by other facts. It is not our province to determine the facts. That duty rested on the jury. They have accepted defendant's version of the transaction, and we are unable to say that the evidence will not sustain their finding.

2. After plaintiff had taken possession of the cattle in February, 1923, under its original mortgage, defendant and the cashier of the First National Bank, which held the mortgage of $2,900 on the crop of 1922, had an interview with Cluczny concerning defendant's affairs. At the trial they were permitted to testify that in this interview Cluczny stated that he was going to clean up with defendant, take his loss and be done with it; and that he further stated that he would release all his mortgages against defendant if they would pay him $150. Plaintiff insists that the admission of this testimony was error. It does not infringe the rule which excludes evidence of an offer made in an effort to compromise a disputed claim, for here there was no disputed claim to compromise. See 5 R. C. L. 891. Where the testimony upon a vital issue is contradictory, evidence of collateral facts tending to show which statements are the more probable, reasonable or credible, may be admitted in the discretion of the court. Glassberg v. Olson, 89 Minn. 195, 94 N. W. 554; Sonnesyn v. Hawbaker, 127 Minn. 15, 148 N.

W. 476; State Elev. Co. v. G. N. Ry. Co. 133 Minn. 295, 158 N. W. 399; Sullivan v. M. St. Ry. Co. supra, p. 45. Defendant insists that if plaintiff had held a mortgage on the crop of 1923 not then planted, it is not likely that Cluczny would have made such statements. The testimony had some probative value and admitting it was within the discretion of the court, its weight was for the jury.

We have examined the other rulings of which plaintiff complains and find no error, and none which require special mention.

It appears that out of the proceeds of the grain plaintiff had paid the threshing bill of $57.95 and the sum of $94.60 to defendant's landlord. In the order denying plaintiff's motion for a new trial, the court imposed as a condition that defendant should deduct the amount of the threshing bill from the amount of the verdict. Plaintiff insists that the court should also have deducted the amount paid the landlord. The thresher had filed a lien for his bill as provided by statute and had a valid claim upon the grain therefor. The record fails to show that the landlord had any interest in or claim upon the grain of any sort. With no evidence to establish a claim against the grain on the part of the landlord, the court could not allow this item.

Order affirmed.