STATE v. HAROLD W. HICKS.

222 N. W. 2d 345.

October 11, 1974—No. 44803.

*R. Scott Davies*, City Attorney, and *A. Keith Hanzel* and *Frank E. Villaume III*, Assistant City Attorneys, for appellant.

*Hartke, Atkins & Montpetit* and *M. Eugene Atkins*, for respondent.

MacLaughlin, Justice.

This is an appeal by the state pursuant to Minn. St. 632.11 from a pretrial order of the St. Paul municipal court which, because of an alleged illegal arrest, suppressed certain evidence in a prosecution under § 169.121, specifically, statements made by defendant to police after defendant's arrest and results of a blood alcohol test. We reverse.

At approximately 8:45 p. m. on August 6, 1973, one Richard Schoumaker drove his automobile through a red light, causing the vehicle to collide with an automobile driven by defendant. After talking with defendant, Schoumaker asked the policemen

who had arrived on the scene to test defendant for intoxication. The officers, who, since they did not witness defendant's driving, would have had to obtain a warrant in order to arrest him (see, City of St. Paul v. Webb, 256 Minn. 210, 97 N. W. 2d 638, 76 A. L. R. 2d 1423 [1959]), explained that they could not arrest defendant but informed Schoumaker of his right to make a citizen's arrest. Schoumaker thereupon executed the arrest of defendant for driving while under the influence of an alcoholic beverage.

At the hearing on the motion to suppress the statements and the blood test, Schoumaker testified that following the accident both automobiles came to rest in the middle of the intersection but that defendant then put his automobile into reverse and accelerated into a traffic light nearby. The trial court, however, rejected this testimony, accepting instead defendant's testimony that the force of the collision pushed his automobile into the light. This left Schoumaker's observations made during his conversation with defendant as the factual foundation on which Schoumaker based his conclusion that defendant was under the influence. Specifically, these observations were that (a) defendant's breath smelled of alcohol, (b) defendant's balance was not good, and (c) defendant's speech was affected. The trial court ruled that this foundation was inadequate to support Schoumaker's conclusion that defendant was driving while under the influence of an alcoholic beverage and that, therefore, the arrest was illegal.

■ Before discussing whether the trial court abused its discretion in so ruling, we must decide whether the order is appealable. To obtain review of a pretrial order to suppress evidence pursuant to § 632.11, the prosecution must show that "the trial court's adverse order has effectively prevented the chance of a successful prosecution because there is a lack of evidence, other than that suppressed, which would permit a successful prosecution." State v. Kinn, 288 Minn. 31, 34, 178 N. W. 2d 888, 890 (1970). In this case the trial court's adverse order has not effec-

tively prevented the chance of a successful prosecution of the driving-while-under-the-influence charge because, under the court's order, Schoumaker would be permitted to testify as to his observations, although presumably barred from giving his opinion as to defendant's condition, and because the police officers would be able to testify as to their observations and opinion.[1] Thus, there would be no lack of evidence to justify a jury conviction on the driving-while-under-the-influence charge. However, this is also a prosecution for driving with .10 percent or more blood alcohol content, and the court's order does prevent the chance of a successful prosecution of that charge. Accordingly, the order is appealable.

■ In numerous cases involving varying fact situations,[2] this court has dealt with the issue of adequacy of foundation for a lay person's opinion concerning whether another person at a certain time was intoxicated or under the influence.[3] In one of these cases, State v. Simonsen, 252 Minn. 315, 328, 89 N. W. 2d 910, 918 (1958), we stated that "traditionally the foundation required before an opinion regarding intoxication can be given has been testimony concerning observation of manner of walking and standing, manner of speech, appearance of eyes and face, and odor, if any, upon such person's breath." Citing the Simonsen case, as well as some others, the trial court in the instant case

[1] Of course, in order to initiate such a prosecution, a complaint would have to be filed and an arrest warrant issued.

[2] These cases include State v. Dax, 290 Minn. 546, 188 N. W. 2d 422 (1971); Trail v. Village of Elk River, 286 Minn. 380, 175 N. W. 2d 916 (1970); State v. Duren, 266 Minn. 335, 123 N. W. 2d 624 (1963); State v. Peterson, 266 Minn. 77, 123 N. W. 2d 177 (1963); State v. Simonsen, 252 Minn. 315, 89 N. W. 2d 910 (1958); State v. Graham, 176 Minn. 164, 222 N. W. 909 (1929); Clarke v. Philadelphia & Reading Coal & Iron Co. 92 Minn. 418, 100 N. W. 231 (1904); McKillop v. Duluth St. Ry. Co. 53 Minn. 532, 55 N. W. 739 (1893).

[3] For discussions of the difference between being intoxicated and being under the influence, see Strand v. Village of Watson, 245 Minn. 414, 72 N. W. 2d 609 (1955); State v. Graham, *supra.*

concluded that Schoumaker had not made sufficient observations upon which to base his opinion because although he had smelled defendant's breath, observed his difficulty in standing, and heard his slurred speech, he had not observed defendant's eyes or face.

The issue, then, is whether the absence of one of the signs of intoxication mentioned in Simonsen means that there is improper foundation. We hold that it does not. Indeed, we believe that there are numerous more or less objective indicators of intoxication (or, in this case, of being under the influence), which may be observed and relied upon in stating an opinion, not just the four mentioned in Simonsen. The preferable approach, then, to determining foundation in these cases is to recognize that there are numerous signs and that one can be intoxicated or under the influence without exhibiting all of the signs.

While it appears that Schoumaker's observations were sufficient to justify the arrest, we have decided that the proper disposition of this case is to reverse the order and remand the case for a redetermination by the trial court of the legality of the arrest.

Reversed and remanded. Defendant is allowed $150 in attorneys fees pursuant to Minn. St. 632.13(8).