**James ROMERO, Appellant,**

v.

**CITY OF RICHFIELD, et al.,
Respondents.**

**No. 46662.**

Supreme Court of Minnesota.

April 22, 1977.

---

Schermer, Schwappach, Borkon & Ramstead and Dennis R. Letourneau, Minneapolis, for appellant.

Richard D. Allen and Thomas J. Battis, Minneapolis, for respondents.

## PER CURIAM.

This is a negligence action arising out of a collision between plaintiff's automobile and a police squad car owned by defendant, City of Richfield, and driven by defendant police officer, Michael Sankey. Plaintiff, who suffered personal injuries and property damages totaling $5,500, recovered nothing because the jury found him 60 percent negligent and defendant Sankey only 40 percent negligent. Issues raised by plaintiff on this appeal from judgment and from the order denying a new trial are (1) whether the trial court erred in permitting defendant Sankey and another officer to give their opinions concerning plaintiff's intoxication at the time of the accident, (2) whether the trial court erred in admitting photographs of a subsequent accident in which plaintiff was involved, (3) whether the trial court erred in refusing to admit accident reports prepared by Sankey's superiors, and (4) whether the trial court erred in failing to give an instruction based on the emergency vehicle statute, Minn.St. 169.17. We affirm.

1. In a number of cases, among them *State v. Hicks*, 301 Minn. 350, 222 N.W.2d 345 (1974), we have stated that the trial court has broad discretion in determining whether to admit opinion evidence of intoxication. Here the court did not abuse that discretion.

2. As a general rule evidence of prior or subsequent accidents involving a party in an automobile negligence action is not admissible against him. However, here the fact of the subsequent accident and the pictures, which suggested that plaintiff might have injured his head in that accident, were relevant to the issue of whether headaches plaintiff was experiencing were caused by the collision with Sankey, as plaintiff claimed.

3. The accident reports which plaintiff offered in evidence contained statements in which defendant Sankey's superiors expressed their opinion that Sankey had acted negligently and that his negligence had caused the accident. Plaintiff claimed the reports were admissible under either the admissions or business records exceptions to the hearsay rule. Defendant responded by saying that the reports did not fall within either exception and further that the statements of opinion contained in the reports would invade the province of the jury and prejudice the case. Past decisions of this court hold that (a) accident reports such as this are not made in the regular course of business and therefore are not admissible under the business records exception (*Brown v. St. Paul Ry.*, 241 Minn. 15, 62 N.W.2d 688 [1954]), (b) reports such as this are not admissible as public records if they contain opinions (*Barnes v. Northwest Airlines, Inc.*, 233 Minn. 410, 47 N.W.2d 180 [1951]), and (c) such reports are not admissible as representative admissions if they are in opinion form (*Albertson v. Chicago, Milwaukee, St. Paul and Pacific Ry.*, 242 Minn. 50, 64 N.W.2d 175 [1954]). Plaintiff's brief does not cite, discuss, or challenge any of these decisions, and accordingly we see no reason for reexamining any of them.

4. The final issue relates to the court's failure to instruct the jury on the emergency vehicle statute, Minn.St. 169.17, which says that normal speed limits do not apply to emergency vehicles provided the drivers of these vehicles sound their sirens and use their flashing lights. Plaintiff, citing evidence that defendant Sankey was speeding without using a siren while driving to assist another officer, claims he was prejudiced by the lack of such an instruction. The court's instructions told the jury that there was no emergency, that defendant was subject to the same rules of due care as any other driver, and that if it found that either driver had exceeded the speed limit, then it had to find that the driver was negligent. These instructions were therefore adequate.

Affirmed.