John Tevens ABLE, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C9–84–572.

Court of Appeals of Minnesota.

Aug. 7, 1984.

William R. Kennedy, Hennepin County Public Defender, Frances B. Moore, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant John T. Able challenges the revocation of his driving privileges under Minn.Stat. § 169.123 (Supp.1983), the implied consent statute. Appellant was arrested for D.W.I. and subsequently refused to submit to chemical testing. On appeal he contends his arrest was illegal. We remand.

## FACTS

Around midnight on January 9, 1984, Colleen Bonneville, a clerk at a 7-Eleven Store, observed appellant eating one of the store's hamburgers and putting a can of chili in his pocket. She asked him to pay for the items. At this time she observed that he was obnoxious and intoxicated and she smelled alcohol on him. He hurried out the door but returned a short time later. He purchased cigarettes but refused to pay for the items he had taken.

Bonneville saw appellant open the car door and get into the car, although she did not testify whether it was the driver's or passenger's side. She had someone else get the license number and description of the car. She called the police who located appellant at his house. According to the officer's testimony, appellant became hysterical and fell on the floor crying and screaming. His speech was slurred, his eyes were red and bloodshot, his movements were unsure and he had trouble walking. With the assistance of the officer, appellant was placed in the squad car. He was taken back to the 7-Eleven where Bonneville identified him as the shoplifter. She signed a citizen's arrest form. The form was not introduced at trial, and it is unclear whether the arrest was for shoplifting or D.W.I. or both. Appellant was taken to the Minneapolis Police Department's "Chem Test" room, was read the Implied Consent Advisory form and refused to submit to chemical testing. His license was subsequently revoked and, following an implied consent hearing, the trial court sustained the revocation. This appeal followed.

## ISSUE

Was the citizen's arrest lawful?

## ANALYSIS

A. Under Minn.Stat. § 169.123, subd. 2, a person may be required to submit to chemical testing if the officer has reasonable and probable grounds to believe that a person was driving, operating or in physical control of a vehicle in violation of Minn.Stat. § 169.121 and the person has been lawfully placed under arrest for a violation of Minn.Stat. § 169.121. Here, appellant is not challenging the first prerequisite. Rather, he contends the arrest was unlawful. Appellant contends that under Minn.Stat. § 169.121, arrests must be made only by peace officers. In support of his argument, appellant cites Minn.Stat. § 169.121, subd. 1a (Supp.1983). Contrary to appellant's assertions, recent decisions from both our court and the Minnesota Supreme Court clearly indicate that a private person has the power to make a citizen's arrest for a D.W.I. violation. *See Johnson v. State Department of Public Safety*, 351 N.W.2d 2 (Minn.1984); *State v. Sellers*, 350 N.W.2d 460 at 462 (Minn.Ct. App.1984); *State Department of Public*

*Safety v. Juncewski,* 308 N.W.2d 316, 321 (Minn.1981).

B. Minn.Stat. § 629.37 (1982) authorizes a citizen's arrest for a public offense committed in the citizen's presence. Appellant argues that a lawful arrest did not occur in that the offense was not committed in Bonneville's presence because she did not actually see him drive or be placed in physical control of his car.

 Implied consent laws are liberally construed in favor of the public interest. *Juncewski,* 308 N.W.2d at 319. Here, Bonneville had concluded that appellant was intoxicated, and appellant does not claim she was unjustified in so concluding. *See Johnson,* 351 N.W.2d at 4-5; *State v. Hicks,* 301 Minn. 350, 222 N.W.2d 345 (1974). She observed appellant leave the store and get into his car.

However, the record does not indicate that she observed appellant behind the wheel at any time, or even that she saw the car drive off. The record does not support the inference that appellant was the one exercising physical control of the vehicle. Because this is a civil proceeding, we remand to the trial court for the taking of additional evidence to determine whether the offense was committed in the presence of the clerk.

We also note that the citizen's arrest form was not introduced at the hearing. The trial court's statement that "it was more likely than not that the citizen arrest form did include the charge of D.W.I." is curious. The trial court noted there was evidence the form included a shoplifting charge. If the form did not indicate that the citizen's arrest was for D.W.I., it is unlikely a citizen's arrest for D.W.I. even took place. Because the record is deficient in this regard, we remand to the trial court to clarify whether appellant was ever arrested for D.W.I. by the citizen.

The State questions the propriety of the Hennepin County Public Defender's Office handling civil license revocations at implied consent hearings and on appeal. Because respondent failed to file a notice of review pursuant to Rule 106, Minn.R.Civ.App.P., we decline to review this issue.

### DECISION

The record does not support the finding that a citizen's arrest for D.W.I. was valid because there is insufficient basis to determine that either an arrest for D.W.I. occurred, or that it was lawful in that the offense was committed in the citizen's presence. This is a civil proceeding; therefore, we remand to the trial court for the taking of additional evidence to establish the legality of the citizen's arrest.

Remanded.