Kevin Patrick KEANE,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

No. C1–84–1196.

Court of Appeals of Minnesota.

Dec. 31, 1984.

Gary L. Huusko, St. Paul, for respondent.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered, and decided by LESLIE, P.J., and LANSING and WOZNIAK, JJ.

## OPINION

WOZNIAK, Judge.

The Commissioner of Public Safety appeals from an order rescinding the revocation of respondent Kevin Keane's driving privileges under the implied consent statute. We reverse.

## FACTS

Shortly after midnight on April 19, 1984, Lovell Jackson, a Neighborhood Assistance Officer with the St. Paul Police Department (not a certified peace officer), was patrolling Como Avenue when he observed respondent Keane driving very erratically. Keane passed Jackson on the right and then drove up onto the east boulevard, with all four tires leaving the street. A short distance later, Keane drove across the westbound lane and onto the west boulevard with two wheels leaving the street. Jackson radioed the police dispatcher and followed Keane to his home without observing additional erratic driving.

At Keane's residence, Jackson asked Keane for the address, radioed this information, and told Keane to wait for a police officer. Jackson smelled alcohol on Keane's breath and noted his slow speech. Jackson testified that, although Keane was not falling all over, he seemed to be fighting to stay straight. Jackson's opinion was that Keane was under the influence.

Officer Dennis Meyer responded to Jackson's radio reports and drove to Keane's residence. As Meyer questioned Keane, he noted a moderate odor of alcohol, watery eyes, and clear speech. He described Keane as walking very stiffly, as if he was trying to avoid any swaying. In Meyer's opinion, Keane was under the influence.

Meyer arrested Keane and transported him to the police station. Meyer instructed Jackson to go back and check for any evidence of an accident. After Jackson found no tire tracks or ruts on the boulevard, he also went to the police station. Meyer asked Jackson to make a citizen's arrest for D.W.I., which Jackson did. Meyer completed the implied consent advisory, after which Keane refused to take the breath test. Keane's license was then revoked. In making out his report, Meyer did not mention the occurrence of an accident and did not list it as a factor which invoked the implied consent law.

The trial court reversed the Commissioner's revocation of Keane's license, stating that Jackson did not arrest Keane at his residence, that Meyer did not lawfully arrest Keane because there was no accident, and that Jackson did not have reasonable and probable grounds to arrest Keane at the police station.

## ISSUE

Was Keane lawfully arrested, and did probable cause exist to believe him to be under the influence?

## ANALYSIS

Under Minn.Stat. § 169.123 (1982), a chemical test may be required of a person when an officer has reasonable and probable grounds to believe the person was driving a motor vehicle while under the influence and one of the following four conditions exists:

(1) the driver has been lawfully arrested for driving under the influence;

(2) the driver has been involved in a motor vehicle accident or collision involving property damage, personal injury, or death;

(3) the driver has refused a preliminary test; or

(4) the driver has failed a preliminary test.

Only the first two conditions are at issue here.

The Commissioner contends that Keane was lawfully arrested at three separate times prior to being requested to take the breath test: once at the scene by Jackson, once at the scene by Meyer, and once at the police station by Jackson. We begin our analysis with Jackson's arrest of Keane at the police station.

 A private person has the power to make a citizen's arrest for a D.W.I. violation committed in that person's presence. *Able v. Commissioner of Public Safety*, 352 N.W.2d 518 (Minn.Ct.App.1984). For a D.W.I. arrest, there must be probable cause to believe the defendant was driving a motor vehicle while under the influence of alcohol. *State v. Olson*, 342 N.W.2d 638 (Minn.Ct.App.1984).

It is undisputed that the driving occurred in Jackson's presence and that Jackson was properly informed of the reason for the arrest at the police station. Thus, the only remaining question is whether Jackson had probable cause to believe Keane was under the influence.

 In order to constitute reasonable and probable grounds to believe a person is under the influence, the citizen making the arrest must observe at least one more or less objective indication of intoxication.

*Johnson v. State, Department of Public Safety*, 351 N.W.2d 2 (Minn.1984); *Rude v. Commissioner of Public Safety*, 347 N.W.2d 77 (Minn.Ct.App.1984).

In *Holtz v. Commissioner of Public Safety*, 340 N.W.2d 363, 365 (Minn.Ct.App. 1983), this court said:

Many tell-tale signs of intoxication exist independently or in combination with others. All signs need not be exhibited in every case. In fact, an officer need only have one objective indication of intoxication to constitute reasonable and probable grounds to believe a person is under the influence.

*Holtz* was discussed in *Martin v. Commissioner of Public Safety*, 353 N.W.2d 202, 204 (Minn.Ct.App.1984):

The cases cited in *Holtz* decision establish that there are numerous signs indicating a person is under the influence of an intoxicating liquor, and that an opinion on that condition can be reached without presence of all of the signs. *State v. Hicks*, Id., [301 Minn. 350] 222 N.W.2d [345] at 348 [1974]. *Holtz* confirms that decision and makes it clear that even a single objective indication of intoxication may be sufficient, depending upon the circumstances in each case. Reiterating the quoted language from *State v. Olson*, [342 N.W.2d 638 (Minn.Ct.App.) 1984] Id., it is fundamental that each case must be decided on its own facts and circumstances and without regard to any formula.

The trial court found that Keane was driving erratically and that there was a moderate odor of alcohol. As to Jackson's observation of speech and balance problems, however, the trial court found that there were no reasonable grounds for the observation. The trial court then concluded that Jackson did not have probable cause because the odor of alcohol alone is not sufficient to establish probable cause.

 This conclusion is erroneous. First, the odor of alcohol was not the sole indication of Keane being under the influence. The trial court should have also considered

in its finding that Jackson observed Keane's very erratic driving. Second, the trial court's finding of Keane not having a balance problem is clearly erroneous. Both Jackson and Meyer testified that Keane was trying hard to avoid any swaying; there was no contradictory evidence. Together, these three indicia are sufficient to establish probable cause.

Because we conclude that Keane was lawfully arrested by Jackson at the police station, we do not reach the other issues of whether Keane was lawfully arrested at the scene by either Jackson or Meyer. However, we note that it stretches credibility to suggest that Keane's erratic driving itself constituted an accident, a necessary element under Minn.Stat. § 169.123 (1982).

### DECISION

Jackson had probable cause to make a citizen's arrest for D.W.I. where he had observed Keane's erratic driving, his balance problem, and a moderate odor of alcohol.

Reversed.